COOK COUNTY *et al.*, Plaintiffs-Appellees, *v.* ROSEN & SHANE WINE & SPIRITS, INC., *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 77-734

Opinion filed March 15, 1978.

Morton Siegel and Allan Goldberg, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Stuart D. Gordon, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Cook County and William M. Doyle, Chief of the County Bureau of Administration (the Bureau) filed a complaint for an injunction on March 28, 1977. The complaint sought to enforce a Cook County ordinance providing for a tax on the retail sale of alcoholic beverages (the Cook County liquor tax) against the defendants, Rosen & Shane Wine & Spirits, Inc. (Rosen & Shane) which operates a liquor store in Cook County and R&S Naperville Liquors, Inc. (R&S Naperville) which operates a liquor store in Du Page County. This appeal is from a temporary restraining order entered on April 13, 1977, and a preliminary injunction entered April 21, 1977. The issues presented for review are: (1) whether the complaint or motion for the preliminary injunction and testimonial evidence set forth allegations which provide a sufficient basis for the entry of a preliminary injunction; (2) whether the evidence presented warranted the granting of relief broader than that sought by the plaintiffs in the preliminary injunction entered April 21, 1977; (3) whether the plaintiffs have an adequate remedy at law; and (4) whether Cook County has jurisdiction to exercise extraterritorial powers over R&S Naperville.

The complaint alleged that both defendants had sold alcoholic beverages in Cook County but had failed to collect the Cook County liquor tax from the purchaser. The plaintiffs further alleged that agents of the Bureau had requested to inspect the books and records of the defendants, but had been refused access to them. The complaint prayed that the court enjoin the defendants from destroying or removing the books and records and grant a permanent injunction requiring the defendants to produce all their books and records for the Bureau, in addition to the general prayer for further equitable relief as the court deemed just.

Both defendants denied that they violated the ordinance; R&S Naperville further stated that it did not engage in the business of selling alcoholic beverages in Cook County. Regarding the alleged request of Bureau agents to inspect the books, Rosen & Shane denied that authorized agents of the Bureau made such requests on the date alleged, while R&S Naperville made no answer to whether a request was made but rather denied that it was subject to the jurisdiction of the Bureau. The defendants alleged that the plaintiffs had an adequate remedy at law and that injunctive relief was inappropriate.

On April 13, 1977, the court stated it would enter a temporary restraining order which would direct the defendants to preserve their books and records and require both defendants to collect and sequester the liquor tax for the 10-day period of the order. However, no such order was actually presented or entered.

On April 20, 1977, following statements by counsel for both the plaintiffs and the defendants, the court heard the testimony of Jerry Rosen, called by the plaintiffs as an adverse witness (Ill. Rev. Stat. 1977, ch. 110, par. 60). Rosen, president of R&S Naperville and an officer of numerous "Rosen & Shane" corporations, testified as to where the books and records for the various corporations were kept, and described the general procedure when orders from Cook County were placed with the R&S Naperville store in Du Page County. The plaintiffs also called Joseph Rose, an employee of the Cook County Auditor's office. Rose testified that on October 29, 1976, he placed an order by phone with R&S Naperville for certain alcoholic beverages. He stated that when he asked specifically if he would be charged the county liquor tax because he lived in Cook County, the person who was taking the order responded that the tax would not be charged since the order would be billed out of the Naperville store.

After Rose was excused, counsel for the plaintiffs informed the court that he had two more witnesses to call. The court was preparing to adjourn the matter until the next morning, April 21, 1977, when counsel for the defendants stated that due to previous commitments out of town, he would be unavailable for a week. Following attempts to rearrange schedules, the court determined that the next available hearing date was May 10, 1977, and ordered that a preliminary injunction be entered. The preliminary injunction, entered the following day, April 21, 1977, provided that since the plaintiffs had no adequate remedy at law and would suffer irreparable harm without injunctive relief since "uncharged and uncollected taxes due Cook County will be revenue forever lost, and further, that if any of defendants' books, records, and reports are destroyed or otherwise unavailable to plaintiffs, no determination of tax revenues due Cook County can be made," both defendants were ordered to preserve all their books, records and reports. Defendant Rosen & Shane was ordered to charge, collect and retain the Cook County liquor tax on all its taxable sales, and R&S Naperville was ordered to charge, collect and retain the Cook County liquor tax on all its taxable sales and orders for taxable sales "from anyone, including other liquor stores in Cook County, involving the transfer of possession and/or ownership" within Cook County. The matter was continued for further proceedings until May 10.

On May 10, 1977, the court and counsel for the plaintiffs were advised that defendants' counsel was not ready to proceed. The court continued the matter for a status report on July 25, 1977. On May 18, 1977, the defendants filed their Notice of Interlocutory Appeal.

■■ The defendants contend that the plaintiffs' complaint did not specify facts to justify injunctive relief, nor did they present sufficient proof to warrant the issuance of an injunction. In *Centennial Laundry Co.*

*v. West Side organization* (1966), 34 Ill. 2d 257, 215 N.E.2d 443, the Illinois Supreme Court affirmed the appellate court's judgment that the trial court should not have issued a temporary injunction in that case without hearing testimony on a disputed issue.

"The appellate court summarized the legal doctrines bearing upon this question in these terms:

'Plaintiff was required to establish, as a prerequisite to obtaining the temporary injunction, the probability of ultimate success on the merits of the case, *Lipkin v. Burnstine*, 18 Ill. App. 2d 509, as well as the immediate necessity of an injunction to preserve the *status quo* and prevent irreparable harm of [to] its rights. *O'Brien v. Matual*, 14 Ill. App. 2d 173. Where no answer has been filed, a temporary injunction may be issued based solely on the sufficiency of the complaint; but where an answer has been filed, both the answer and the complaint must be considered, *Moss v. Balch*, 320 Ill. App. 135, and if the answer contains denials of material allegations of the complaint, a hearing on those matters must be allowed before the injunction may issue. *Lipkin v. Burnstine*, 18 Ill. App. 2d 509.' 55 Ill. App. 2d at 414." (*Centennial Laundry Co. v. West Side Organization* (1966), 34 Ill. 2d 257, 262.)

In the case at bar, Rosen & Shane in its answer denied the allegation in the complaint that on February 3, 1977, authorized agents of the Bureau made a request to inspect its books and records. Since this allegation was specifically denied, the issue was in dispute. At the limited hearing prior to entry of the preliminary injunction, there was no evidence introduced to indicate that the plaintiffs had requested an inspection of Rosen & Shane's books and records or that defendants had any intention to destroy or remove them. In view of the absence of evidence on this disputed issue, we find that the trial court should not have entered a preliminary injunction enjoining Rosen & Shane from destroying or removing its books, records and reports.

■■■ R&S Naperville, in its answer to the allegation in the complaint that authorized agents of the Bureau had requested to inspect its books and records but had been refused access to them, denied that it was subject to the jurisdiction of the Bureau. Under section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 40(2)), "[e]very allegation * * * not explicitly denied is admitted * * *." The effect of the failure of R&S Naperville to deny the allegation regarding the requested inspection of its books was to admit that it had refused to allow Bureau agents to inspect its books. While there was no evidence that R&S Naperville intended to destroy its records, the trial court is vested with broad discretionary power in granting an order for a preliminary injunction. (*Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 456, 343 N.E.2d 695;

*Seay & Thomas, Inc. v. Kerr's, Inc.* (1965), 58 Ill. App. 2d 391, 399-400, 208 N.E.2d 22.) As the court stated in *Shappert*, at 456-57:

"An applicant for a preliminary injunction need not make out a case which will entitle him to the ultimate relief he seeks but may raise only a fair question as to the existence of the right claimed, making it appear advisable that the position of the parties should remain the same until the court has the opportunity to consider the case on its merits. *Frederick Chusid & Co. v. Collins Tuttle & Co., Inc.*, 10 Ill. App. 3d 818, 821 (1973)."

■■■ The court heard testimony suggesting that there were instances in which R&S Naperville should have collected the liquor tax. This possibility created a fair question as to whether R&S Naperville was engaged in "the business of selling alcoholic beverages in the County of Cook to a purchaser for use or consumption, and not for resale in any form" and whether therefore authorized agents of the Bureau had jurisdiction to inspect its books. Resolution of this mixed question of law and fact was within the discretion of the trial court and will not be overturned absent a clear showing of abuse of discretion. (*Frederick Chusid & Co. v. Collins Tuttle & Co.* (1973), 10 Ill. App. 3d 818, 821, 295 N.E.2d 74; *Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 457, 343 N.E.2d 695.) It is not the purpose of a preliminary injunction to determine controverted rights or to decide the merits of a case, but merely to determine whether the position of the parties should be held in *status quo* until the issues can be adjudicated. (*Frederick Chusid & Co.*, at 821; *Schultz v. Agenlian* (1967), 90 Ill. App. 2d 131, 234 N.E.2d 345.) In the instant case, the trial court did not err in granting a preliminary injunction to insure preservation of the records of R&S Naperville pending a full hearing on the merits.

■■ The defendants also contend that the evidence presented did not warrant the granting of injunctive relief broader than that sought in the plaintiffs' complaint. The injunction, ordering Rosen & Shane and R&S Naperville to charge, collect and retain the Cook County liquor tax on all taxable sales or orders from anyone in Cook County involving the transfer of possession and/or ownership within the county, went beyond the scope of the relief sought. No such relief was ever requested; there were insufficient facts alleged in the complaint to warrant such relief. The plaintiffs prayed for a preliminary injunction to prevent the defendants from destroying or removing their books and records, and a permanent affirmative injunction requiring each defendant to produce all books, records and reports in its possession. While the complaint also prayed for such further relief as the court deemed equitable, there were only the plaintiffs' bare assertions, matched by the defendants' denials, that the liquor tax ordinance had been violated. In the absence of sufficient proof

that the defendants were not collecting the tax, we can see no need to circumvent the general rule that an injunctive order should not be broader in scope than the relief sought in the pleadings. (*Schlicksup Drug Co. v. Schlicksup* (1970), 129 Ill. App. 2d 181, 186, 262 N.E.2d 713.) In the instant case, there was nothing to warrant such extraordinary relief prior to a full hearing on the disputed issues.

In light of the foregoing, we need not consider other issues raised on appeal. That part of the preliminary injunction ordering R&S Naperville to preserve all books, records and reports in its possession and control is affirmed; that part of the preliminary injunction order instructing Rosen & Shane to preserve its books, records and reports is vacated; and that part of the preliminary injunction ordering both Rosen & Shane and R&S Naperville to charge, collect and retain the Cook County liquor tax is also vacated.

Affirmed in part.

Vacated in part.

SIMON and McGILLICUDDY, JJ., concur.