THE PEOPLE *ex rel.* DEPARTMENT OF HUMAN RIGHTS, Plaintiff-Appellee, v. ARLINGTON PARK RACE TRACK CORPORATION, Defendant and Third-Party Plaintiff-Appellant (The Village of Arlington Heights *et al.*, Third-Party Defendants-Appellants).

First District (5th Division)   No. 84—1179

Opinion filed December 7, 1984.

LeMoine D. Stitt, of Stitt, Moore & Lennon, of Rolling Meadows, for appellant Arlington Park Race Track Corp.

Jack M. Siegel, of Chicago, for other appellants.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spalding, Assistant Attorney General, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This interlocutory appeal, brought under Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)), is from an order in the nature of a preliminary injunction granted pursuant to section 7—104 of the Illinois Human Rights Act (the Act) (Ill. Rev. Stat. 1981, ch. 68, par. 7—104) enjoining defendant Arlington Park Race Track Corporation (Corporation), its successor Arlington Park Racetrack Limited (Limited), and third-party defendants the Village of Arlington Heights (Village) and the Illinois Racing Board (Board) from implementing any policy prohibiting children under the age of 14 from residing in the backstretch area at the Arlington Park Racetrack (Track) pending resolution by the Illinois Human Rights Commission (Commission) of proceedings on a complaint filed with the Illinois Department of Human Rights (Department) by certain persons who work at the Track during the racing season, in which it was alleged that such a policy would constitute a civil rights violation under section 3—104 of the Act (Ill. Rev. Stat. 1981, ch. 68, par. 3—104).

The Corporation, the Village, and the Board appeal,[1] variously contending that (1) the motion for temporary injunctive relief filed by the Department (a) did not comply with the statutory requirements of section 7—104 of the Act governing such motions, and (b) failed to set forth any factual basis for granting the injunctive relief requested; (2)

---

[1]For purposes of this appeal, the Board has adopted the brief submitted by the Village.

the trial court erred in issuing an injunction without (a) conducting any evidentiary hearings, or (b) setting forth the reasons for its order as is required by section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 11—101); (3) no injunction could properly be issued against any of them because (a) not being respondents to the complaint filed with the Department, the Village and Board are not subject to the provisions of section 7—104; (b) the Department's motion did not seek to enjoin the Village or Board, but was directed only against the Corporation; (c) the Corporation has sold the Track and no longer has any interest in or control of it; (d) Limited was not named in the original complaint nor has any motion been made to name it as a party defendant in lieu of or in addition to the Corporation; (4) the order was improper because (a) it required the Corporation to violate Village ordinances and Board rules without a preliminary determination by the trial court that those ordinances and rules were either invalid or superseded by the Act, and (b) it prevented the Village from exercising its police powers; (5) section 3—104(A) of the Act, which prohibits discrimination against families with children under the age of 14 in the rental of housing accommodations, is inapplicable to the situation at the Track because the subject units (a) are not "housing accommodations" within the meaning of the Act, and (b) are not rented, but are provided without charge to the occupants; and (6) the Corporation's policy of prohibiting children from residing in the backstretch area is justified because it is rationally related to legitimate concerns for the health, safety and welfare of the children involved.

Although the underlying facts of this case are set out, in part, in *People ex rel. Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 461 N.E.2d 505, a prior interlocutory appeal in which we vacated an order permanently enjoining the Corporation from prohibiting children under 14 years of age from residing in the backstretch and remanded the cause for further proceedings, we think it necessary for an understanding of the issues presented here to briefly restate the pertinent facts and to recount a history of the litigation both prior to and since our previous opinion.

The Track, which is located within the Village limits, operates from May through September of each year and has traditionally provided dormitory housing facilities in an area of the Track commonly known as the backstretch for certain employees of trainers who have horses stabled at the Track during the five-month racing season. The dormitories consist of more than 600 rooms ranging in size from 80 to 206 square feet, the larger rooms being designated for double occu-

pancy and the smaller for single occupancy. None of the rooms are equipped for cooking, and most are serviced by communal washroom and shower facilities. The rooms were allocated, without cost except for a refundable $75 damage deposit, to the trainers, who in turn assigned them—also without cost—to persons employed by them to care for the horses. The Track also maintained 16 two-bedroom trailers in an area removed from the backstretch, ostensibly for rental at a rate of $300 per month to those employees who were accompanied to the Track by their families. For a number of racing seasons prior to 1982, an average of 20 to 30 families, including 30 to 40 young children, lived in the dormitories on the backstretch, allegedly because off-track housing and on-track trailer-housing was either unaffordable or unavailable.

Although it appears that for several years the Corporation was aware that children were living in the dormitories on the backstretch, it took no action to remove or bar them therefrom until April 1982, when it notified the trainers that no children would be permitted to reside there during the 1982 racing season. Shortly thereafter, certain employees who would be affected by the proposed exclusion of children filed charges with the Department alleging that, if implemented, the Corporation's policy would constitute a violation of their civil rights under section 3—104(A) of the Act, which provides in part:

> "It is a civil rights violation for the owner or agent of any housing accommodation to:
>
> (A) Require, as a condition precedent to the rental of a housing accommodation, that the prospective tenant shall not have, at the time the application for rental is made, one or more children under the age of 14 years residing in his or her family."

(Ill. Rev. Stat. 1981, ch. 68, par. 3—104(A).)

The director of the Department then filed an action with the Commission, pursuant to section 7—104 of the Act, which provides in pertinent part:

> "(1) At any time after a charge is filed, the department may petition the appropriate court for temporary relief, pending final determination of the proceedings under this Act, including an order *** restraining the respondent from doing or causing any act which would render ineffectual an order which the Commission may enter with respect to the complainant. The petition shall contain a certification by the Director that the particular matter presents exceptional circumstances in which irreparable injury will result from a civil rights violation in the absence of temporary relief.

(2) The petition shall be filed in the circuit court for the county in which the respondent resides or transacts business or in which the alleged violation took place, and the proceedings shall be governed by 'An Act to revise the law in relation to injunctions' ***. Except as provided in subsection (A)(3), the court may grant temporary relief or a restraining order as it deems just and proper.

(3) When the petition is based upon a civil rights violation as defined in Article 3 of this Act, the relief or restraining order entered by the court shall not exceed 5 days unless:

(a) A longer period is agreed to by the respondent; or

(b) The court finds that there is substantial evidence to demonstrate that the respondent has engaged in unlawful discrimination." Ill. Rev. Stat. 1981, ch. 68, par. 7—104(A).

In its prayer for relief, the Department requested a temporary restraining order, a preliminary injunction, and a permanent injunction restraining the Corporation from implementing its proposed policy to exclude children from the backstretch. On May 14, 1982, the trial court issued a temporary restraining order, which, by subsequent agreement of the parties, was to remain in effect until a final determination by the trial court on the Department's request for a permanent injunction.

In its answer, the Corporation admitted that its policy was to prohibit children from living on the backstretch, but raised as affirmative defenses that (1) section 3—104(A) of the Act was inapplicable to the dormitories because they were neither "housing accommodations," as defined in section 3—101(C) of the Act, nor rented to the employees; (2) its action was mandated by both Village ordinances and Board rules requiring, with certain specified exceptions, that only persons over 16 years of age who are licensed by the Board be permitted in the stable area of the Track; and (3) subsidized rental housing was available for families. The Corporation also filed third-party complaints against the Village and the Board, alleging that if it were required to allow children to reside in the backstretch dormitories, it would be subject to punitive actions by them, including fines and sanctions, and it requested that in the event the Department's prayer for injunctive relief were granted, the Village and Board be enjoined from enforcing those ordinances and rules or imposing any such fines or sanctions. The trial court allowed the Corporation to file the third-party complaints but stated that they would be held in abeyance until its determination on the Department's request for an injunction, and that responses by the Village and Board be deferred until further or-

der of the court.

On May 20, 1983, after hearings on the Department's motion, at which extensive testimony and exhibits concerning housing accommodations, health and safety conditions on the backstretch, Village ordinances and Board rules were presented by the parties, the trial court issued an oral order permanently enjoining the Corporation from implementing any policy prohibiting children under the age of 14 from residing in the backstretch dormitories. Approximately one month later, the Corporation filed a motion for a temporary restraining order, alleging that the Village had indicated its intention to enforce the occupancy provisions of the Village Code and that it (the Corporation) could not comply with those requirements without violating the terms of the injunction. It therefore requested that the Village be restrained from enforcing its ordinance. The trial court granted the motion, subject to the conditions that (1) all single rooms be restricted to occupancy by not more than three persons, either one adult and two children, or two adults and one child; and (2) all double rooms be restricted to no more than four persons, two of whom had to be children. The order was to remain in effect only for the duration of the 1983 racing season. Subsequently, on October 7, 1983, the trial court supplemented the May order with a written memorandum containing numerous findings of fact and conclusions of law and reiterated its May order in written form. No action was taken on the third-party complaint at that time.

After the Corporation had filed its notice of appeal from the above order, the parties realized that under section 7–104 of the Act the trial court had no power to enter a permanent injunction, since the statute provides for only temporary relief pending a final determination on the merits of the complaint filed with the Commission. They therefore asked this court to amend the order to provide for a preliminary injunction and to review it as such. We declined to do so, ruling that we could not rewrite the record to review an order which was never entered. Since the parties agreed that a permanent injunction should not have been issued, we vacated the order and remanded the cause for further proceedings. *People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 461 N.E.2d 505.

On remand, the Department filed a motion for temporary injunctive relief, requesting that Limited, which had purchased the Track from the Corporation, be enjoined from implementing any policy excluding children from residing on the backstretch. The Department noted the statement in our prior opinion, that the original temporary

restraining order, entered by agreement with the Corporation, was still in effect, but asserted that the Corporation had indicated it would not agree to a continuation of that order because the Village had expressed its intention to enforce its housing ordinances. In responding to the motion, the Corporation maintained that it no longer owned or operated the Track and thus could no longer agree to continuation of the temporary restraining order; that the trial court lacked jurisdiction to grant the injunctive relief requested because no charges had been filed against Limited and no certification had been made by the director that the situation presented exceptional circumstances in which irreparable injury would result from a civil rights violation in the absence of temporary relief, as is required by sections 7—102 and 7—104 of the Act; that the validity of the various Village ordinances and Board rules—violation of which could result in substantial fines and/or suspension of the Track's license—had never been determined, and it requested that if such injunction be issued against it, the Village and the Board also be enjoined from instituting any proceedings or imposing any fines or sanctions against it by reason of its compliance with the court's order.

Although the Department's motion requested no injunction against it, the Village also filed a response in opposition thereto, arguing that absent a complaint against it and a certification by the director of the Department as to the necessity for temporary relief, the court had no jurisdiction to grant such relief; that the Department's motion did not allege sufficient facts to warrant an injunction; that the authority of the trial court to grant temporary relief pending final determination of proceedings relating to alleged civil rights violations does not apply to municipalities or to the enforcement of their ordinances; that it was not a party to prior hearings by express direction of the court and therefore it was not bound by the evidence presented; and that the Village was entitled to a full hearing with respect to the validity of its ordinances.

The Board then filed an answer to the Corporation's third-party complaint, filed in 1982, admitting that its rules restricted access to the backstretch to only licensed or authorized personnel and that children under the age of 14 may be admitted to that area only if they sign a register when entering and leaving. The Board also asserted that section 3—104(A) of the Act was inapplicable to the dormitories, and that it planned to adopt a rule to prevent the residence of children aged 12 or under on the backstretches of thoroughbred racetracks.

After arguments on the motion, but without further evidentiary

hearings, the trial court entered a written order enjoining the Corporation, Limited, the Village, and the Board from taking any action to prohibit children under the age of 14 from residing on the backstretch until a final determination by the Commission on the Department's complaint against the Corporation,[2] and this appeal followed.

Opinion

Although the issues presented for review are numerous and seemingly complex, in our view disposition of this appeal turns on relatively few and simple considerations. First, as to the propriety of the injunction against the Corporation, it appears—as noted above—that at some point between issuance of the permanent injunction which we vacated in the prior appeal and the Department's motion for a preliminary injunction at the proceedings upon remand, the Corporation sold the Track to Limited and thereupon ceased to conduct business in this State. It is clear, then, that having no interest in or control over the Track at the time the preliminary injunction was issued, as a practical matter the Corporation could no longer do what it was enjoined from doing; *i.e.,* implementing any policy prohibiting children from residing on the backstretch, and that although it was still named as a defendant in the action, the injunction against it, which could neither be enforced nor violated, was therefore meaningless and should not have been issued.

■ Moreover, it is the general rule that an injunctive order should be no broader in scope than the relief requested in the pleadings. (*George J. Priester Aviation Service, Inc. v. American School of Aviation, Inc.* (1981), 95 Ill. App. 3d 703, 420 N.E.2d 615; *Cook County v. Rosen & Shane Wine & Spirits, Inc.* (1978), 58 Ill. App. 3d 744, 374 N.E.2d 838.) A review of the record of the proceedings upon remand of the instant case discloses that in its written motion for a preliminary injunction, the Department sought only to enjoin Limited, as successor to the Corporation, from excluding children from the backstretch housing. No such injunction was sought against the Corporation, and counsel for the Department acknowledged at oral arguments on this appeal that there was no basis for an injunction against the Corporation at the time it was issued, and conceded that it should not have been entered. We also note that despite its continued, albeit unexplained, participation in and defense of this case, both in the trial court and on appeal, it is clear that after selling the Track, the Corpo-

---

[2]The parties informed us at oral arguments that no determination has as yet been made by the Commission on the complaint.

ration was no longer involved in this controversy and thus had no reason to argue against the injunction and no standing to raise defenses thereto, which—even if valid—would properly belong to Limited.[3]

Having determined that the injunction against the Corporation was improvidently granted and therefore must be vacated—notwithstanding the fact that even if it had gone unchallenged it would have been of no force or effect—it follows that the injunctions against the Village and the Board must also be vacated, since it was the Corporation, not the Department, which requested in its third-party complaints that they be enjoined to protect it from potential actions by the Village and Board for violations of their respective ordinances and rules by reason of its compliance with the court's order enjoining it from barring children from backstretch housing. As stated above, since the Corporation no longer owns the Track, it is incapable of implementing any policy which would violate those ordinances and rules, and subsequently, the bases for the injunctions against the Village and the Board no longer exist.

■ Nevertheless, the Department argues that these injunctions should remain in effect so as to prevent the Village and Board from attempting to prohibit children from living on the backstretch by enforcing their ordinances against Limited. Initially, we note that a preliminary injunction is an extraordinary remedy which should be granted only where the party seeking it establishes a clear right to such relief. (*Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 458 N.E.2d 998; *Scott & Fetzer Co. v. Kahn* (1979), 74 Ill. App. 3d 400, 393 N.E.2d 102.) Section 7—104 of the Act sets out the requirements necessary to establish entitlement to temporary relief in an action involving allegations of civil rights violations. It provides, in substance, that after a charge is filed with the Commission, the Department may petition the circuit court for temporary relief to restrain the *respondent* from doing any act which may render ineffectual a final order of the Commission. The petition must contain a certification by the director of the Department that the matter presents circumstances in which irreparable injury will result from a civil rights violation absent the requested temporary relief. Any order granting such relief may not exceed five days unless a longer period is agreed to by the *respondent* or the court finds there is substantial evidence to demonstrate that the *respondent* has en-

---

[3]Inasmuch as Limited has not attempted to bring an appeal under Supreme Court Rule 307(b) (87 Ill. 2d R. 307(b)) from the injunctive order entered against it, we make no determination as to the propriety thereof.

gaged in unlawful discrimination. Ill. Rev. Stat. 1981, ch. 68, par. 7—104.

■ Here, the only party named as a respondent in the Department's complaint was the Corporation, which, by the time the preliminary injunction was requested, was no longer the owner of the Track and not a real party in interest in this action. There is nothing in the record to indicate that the Department attempted to substitute or add Limited to or include the Village and Board as respondents to the complaint. Therefore, under section 7—104, it was not—and is not now—entitled to an injunction against them.

For the reasons stated the portions of the trial court's order issuing preliminary injunctions against Arlington Park Race Track Corporation, the Village of Arlington Heights, and the Illinois Racing Board are vacated, and the cause is remanded for further proceedings not inconsistent with the content of this opinion.

Vacated in part and remanded.

MEJDA, P.J., and PINCHAM, J., concur.