TANDY CORPORATION, Petitioner, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents.

First District (3rd Division)   No. 1—91—3147

Opinion filed June 30, 1994.

Richard F. Nelson, of Chicago, for petitioner.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of counsel), for respondents.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Petitioner Tandy Corporation (hereinafter Tandy) seeks this court's direct administrative review of an order entered by respondent Illinois Human Rights Commission (hereinafter the Commission), reversing an administrative law judge's decision to dismiss a complaint filed against Tandy with the Commission by respondent Leroy Grumbach II (hereinafter Grumbach). Jurisdiction is vested in this court pursuant to Supreme Court Rule 335 (134 Ill. 2d R. 335).

On appeal, petitioner argues that the Commission erred because: (1) the Commission lacked jurisdiction to proceed on the complaint due to its not being filed within 30 days as is required by section 7—102(G)(1) of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 7—102(G)(1) (now 775 ILCS 5/7A—102(G)(1) (West 1992))), prior to its amendment in 1987; and (2) the 300-day filing period contained in the new section 7A—102(G)(3) of the Illinois Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 7A—102(G)(3) (now 775 ILCS 5/7A—102(G)(3) (West 1992))) is a mandatory jurisdictional limitation which requires dismissal.

For the reasons which follow, we affirm and remand.

FACTUAL BACKGROUND

On April 28, 1986, Grumbach filed a charge of discrimination with the Illinois Department of Human Rights (hereinafter the Department) alleging that he was terminated by Tandy from his position with the company as a district manager on the basis of his

race. After engaging in fact-finding procedures, the Department filed a complaint of civil rights violations with the Commission against Tandy on Grumbach's charge on April 6, 1989.

On May 8, 1989, Tandy filed a motion to dismiss Grumbach's complaint. The motion to dismiss alleged that the complaint was time-barred by section 7.—102(G)(1) because of the Department's failure within 300 days of the filing of Grumbach's charge of discrimination and, therefore, the Commission thereby lacked jurisdiction over the complaint. On June 20, 1990, the administrative law judge issued a "Recommended Order and Decision" finding that Tandy's motion should be granted.

On July 23, 1990, Grumbach filed exceptions to the recommendation. On March 28, 1991, a three-member panel of the Commission disagreed with the administrative law judge's application of section 7—102(G)(1) to the case and issued an "Order and Decision" which reversed the recommended order and decision and remanded the complaint for a hearing on the merits. On April 25, 1991, Tandy filed a petition for rehearing before the full Commission seeking review of the panel's order and decision of March 28, 1991. On September 6, 1991, the Commission issued an order denying Tandy's petition for rehearing on the basis that the order and decision reversing the administrative law judge was not a final disposition of the case.

On October 1, 1991, Tandy filed a petition for review with this court premising jurisdiction on Rule 335 and the instant appeal followed.

OPINION

We turn now to the question of whether the Commission lacked jurisdiction to proceed on the complaint as a result of its not having been filed timely. Section 7—102(G)(1) provides:

"(1) When a charge of a civil rights violation has been properly filed, the Department, within 300 days thereof or within any extension of that period agreed to in writing by all parties, shall either issue and file a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and the respondent." (Ill. Rev. Stat. 1985, ch. 68, par. 7—102(G)(1) (now 775 ILCS 5/7A—102(G)(1) (West 1992)).)

Section 7—102(G)(2) of the Act provides as follows:

"(2) Within 30 days of the expiration of the 300-day period or such longer period as shall have been agreed upon pursuant to subparagraph (1), the aggrieved party may file a complaint with the Commission, if the Department has not sooner filed a com-

plaint or ordered that no complaint be issued. The form of the complaint shall be in accordance with the provisions of paragraph (F). The aggrieved party shall notify the Department that a complaint has been filed and shall serve a copy of the complaint on the Department on the same date that the complaint is filed with the Commission. Upon such notice, the Department shall cease processing the charge." Ill. Rev. Stat. 1985, ch. 68, par. 7—102(G)(2) (now 775 ILCS 5/7A—102(G)(2) (West 1992)).

On June 29, 1987, the General Assembly amended, effective September 24, 1987, the Act by passing section 7—102(G)(3), which provides:

"Unless and until the aggrieved party files a complaint with the Human Rights Commission pursuant to paragraph (2) of this subsection, the Department shall continue its investigation and conclude it with the greatest promptness that is administratively feasible." Ill. Rev. Stat. 1989, ch. 68, par. 7A—102(G)(3) (now 775 ILCS 5/7A—102(G)(3) (West 1992)).

In order to avoid going into an exhaustive recitation of the arguments and counterarguments put forth by Tandy and the Commission, we shall summarize them as follows: Tandy asserts that Grumbach, pursuant to section 7—102(G)(2), had to file a complaint of his own with the Commission within 30 days of the expiration of the 300 days, provided for in section 7—102(G)(1), in which the Department had to process his charge. As a consequence of Grumbach's failure to meet this "mandatory" filing deadline, his complaint is now time-barred and the Commission is without jurisdiction. Furthermore, Tandy urges that section 7—102(G)(3) does not save Grumbach's charge as it was not "pending" at the time within the meaning of section 7—102(G)(3) because of the aforementioned failure to meet the mandatory filing deadline of section 7—102(G)(2). The Commission, on the other hand, urges that section 7—102(G)(3) retroactively applies to this case and saves Grumbach's complaint and the Commission's jurisdiction.

We believe this issue was addressed by this court in *Pace v. Human Rights Comm'n* (1989), 187 Ill. App. 3d 16, 542 N.E.2d 1277. In *Pace*, the complainant appealed from an order of the Commission dismissing her complaint on the grounds of timeliness. The *Pace* court held, *inter alia*, once the complainant decided to withdraw her charge before the Department her statutory right to file a complaint with the Commission ended. In *Pace*, which was a case brought *prior* to the addition of section 7—102(G)(3), the court noted:

"[E]ven if a complaining party is unable to personally file a complaint directly with the Human Rights Commission because the statutory time period has passed, *recourse remains available.*

The provision of section 7—102(G)(2) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) which permits an aggrieved party to file a complaint directly with the Commission within 30 days after expiration of the initial 300-day period merely provides an optional, alternative method by which an aggrieved party may proceed if he or she is not satisfied with the progress made by the Department.

*** [F]ailure to meet the 30-day requirement imposed by section 7—102(G)(2) (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) *does not preclude an aggrieved party from continuing to seek relief under the Act* ***." (Emphasis added.) *Pace,* 187 Ill. App. 3d at 21.

We agree with the *Pace* court's construction of section 7—102(G)(2) and would hasten to add that in construing a broad remedial civil rights statute such as the Act, it is incumbent upon a reviewing court to do so liberally in order to effectuate the intent of the General Assembly. Accordingly, we find no error in the Commission's finding that it had jurisdiction.

With regard to Tandy's argument that section 7A—102(G)(3) of the Act (Ill. Rev. Stat. 1989, ch. 68, par. 7A—102(G)(3)) is a mandatory jurisdictional limitation which requires dismissal, we find this claim wholly without merit and warrants no further discussion. See *On-Line Financial Services, Inc. v. Department of Human Rights* (1992), 228 Ill. App. 3d 99, 592 N.E.2d 509.

In light of the foregoing, the order of the Illinois Human Rights Commission is affirmed and this cause is remanded to the Commission for further proceedings consistent with the views contained herein.

Affirmed and remanded.

RIZZI and GREIMAN, JJ., concur.