MARY BETH GILCHRIST, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents-Appellees.

First District (1st Division)   No. 1—99—1054

Opinion filed March 27, 2000.

Lenny Ben Ogus, of Chicago, for petitioner.

Caroline E. Rdzanek, of Chicago, for respondent Chicago Park District.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Elizabeth Schenkier, Assistant Attorney General, of counsel), for respondents Human Rights Commission and Department of Human Rights.

JUSTICE GALLAGHER delivered the opinion of the court:
This is a direct administrative review action in which an employee,

Mary Beth Gilchrist (Petitioner), seeks review of a final decision of the Illinois Human Rights Commission (the Commission). The Commission found that Petitioner's employer, the Chicago Park District (Respondent), did not discriminate against Petitioner.

Following is a brief summary of the facts relevant to our decision. Petitioner is a white female who was born January 15, 1945. She began working for the Respondent in 1977. In January 1990, the Respondent transferred Petitioner to the purchasing department in the position of secretary to executive. On or about November 10, 1992, Petitioner was terminated for allegedly violating two work rules, namely, (1) being absent from duty without proper authorization from August 18, 1992, thru October 6, 1992; and (2) failing to comply with the directive(s) of the medical department that she provide information concerning her current medical condition. Petitioner appealed the decision to the Chicago Park District's Personnel Review Board and was eventually found not guilty of either charge when, on or about May 26, 1995, a hearing officer rendered a written decision. The hearing officer further recommended that Petitioner be reinstated to her employment with Respondent with full benefits and back pay.

On January 4, 1993, approximately two months after she was terminated and concurrent with the appeal of that termination with the Personnel Review Board, Petitioner also filed a charge of discrimination with the Illinois Department of Human Rights (the Department), in which she essentially alleged that Respondent discharged her because of her race, gender and age. Approximately seven months later, in August 1993, Petitioner amended her charge to include allegations that Respondent did not deal promptly with the scheduling of hearings during her appeal of her discharge, for the same discriminatory reasons. On November 1, 1993, Petitioner filed, with the Commission, a complaint based on the charge filed with the Department, which is the subject of this appeal.

A public hearing was held on October 15 and 17, 1997. Administrative Law Judge (ALJ) Mitchell Kline presided over the hearing but left the Commission before he could issue a written decision. On April 24, 1998, Chief ALJ Jane F. Bularzik wrote a letter to counsel for both parties informing them of that fact. More notably, in that same letter, Bularzik stated that "Pursuant to Section 8A—102(I)(4) [(775 ILCS 5/8A—102(I)(4) (West 1996))], this case cannot be assigned to another judge to issue a decision based on the record since there are questions of witness credibility presented by the record. Therefore, this matter must be reset for another full hearing." A status hearing was set for May 6, 1998, at which time a new public hearing date was to be scheduled. Nevertheless, prior to the status hearing, on April 28, 1998,

Bularzik entered an order that stated in pertinent part as follows: "Pursuant to the Agreed Motion and Stipulation, signed by counsel for both parties, this matter is to have a written decision by a Hearing Officer (Administrative Law Judge) who did not preside at the public hearing."

Subsequently, on August 27, 1998, ALJ Denise F. McGuire issued her recommended liability determination (RLD), recommending in part that Petitioner's complaint be dismissed with prejudice. The time for filing exceptions to the decision was tolled, pending the issuance of a recommended order and decision (ROD) addressing the issues of attorney fees and costs. On December 9, 1998, the ROD was issued, and it incorporated by reference the RLD and further suggested an award to Petitioner of $6,550 in attorney fees incurred during the discovery phase of the matter and denied Respondent's motion for attorney fees. The Commission declined to review the ROD, which consequently became the order and decision of the Commission, pursuant to section 8A—103(E)(1) of the Illinois Human Rights Act (the Act) (775 ILCS 5/8A—103(E)(1) (West 1996)).[1] Petitioner now appeals.

Although both parties have raised numerous arguments with respect to the merits of the Commission's decision, neither party has raised the threshold issue of whether the Commission properly accepted the ROD of an ALJ who had not presided over the evidentiary hearing. We have an obligation to consider, *sua sponte*, whether the Commission exceeded its statutory authority. See, *e.g.*, *Siddens v. Industrial Comm'n*, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18, 22 (1999) (because courts have a duty to vacate and expunge void orders from court records, a court may *sua sponte* declare void an order entered by an agency where the order was beyond the scope of the agency's statutory authority). We conclude that the Commission exceeded its statutory authority when it entered its order of April 28, 1998, that allowed

---

[1]Although the Commission's notice to the parties indicated that its decision was made pursuant to section 8A—103(A) (775 ILCS 5/8A—103(A) (West 1996), that section provides as follows: "If no exceptions are filed, the recommended order shall become the order of the Commission without further review." Section 8A—103(E)(1) (775 ILCS 5/8A—103(E)(1) (West 1996)), however, states, in pertinent part as follows: "Following the filing of the findings and recommended order of the hearing officer and any written exceptions and responses, and any other proceedings provided for in this Section, the Commission, through a panel of 3 members, shall decide whether to accept the case for review. If the panel declines to review the recommended order, it shall become the order of the Commission." Here, exceptions to the ROD *were* filed; thus, it appears that section 8A—103(E)(1), and not section 8A—103(A), was the relevant section.

an ALJ who had not presided over the evidentiary hearing to issue a written decision and again exceeded its statutory authority when it accepted, in its entirety, the ensuant ROD of that ALJ.

■ An administrative agency, such as the Commission, obtains its power to act from the legislation creating it and its power is strictly confined to that granted in its enabling statute. *Harton v. City of Chicago Department of Public Works*, 301 Ill. App. 3d 378, 390, 703 N.E.2d 493, 501 (1998); *Davis v. Haas & Haas, Inc.*, 296 Ill. App. 3d 369, 373, 694 N.E.2d 588, 590 (1998); *Davis v. Human Rights Comm'n*, 286 Ill. App. 3d 508, 514, 676 N.E.2d 315, 320 (1997); *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 726-27, 559 N.E.2d 229, 232 (1990); *Abatron, Inc. v. Department of Labor*, 162 Ill. App. 3d 697, 515 N.E.2d 1336 (1987). While the term "jurisdiction" may not be strictly applicable to an administrative body, the term may be used to designate the authority of the administrative body to act, and the terms "jurisdiction" and "authority" have been used interchangeably in certain administrative law contexts. *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243-44, 555 N.E.2d 693, 716-17 (1989); *Robinson*, 201 Ill. App. 3d at 726, 559 N.E.2d at 231. A decision by an agency that lacks the statutory power to enter the decision is treated the same as a decision by an agency that lacks personal or subject matter jurisdiction—the decisions are void. *Business & Professional People for the Public Interest*, 136 Ill. 2d at 244, 555 N.E.2d at 717. A void order is a complete nullity from its inception and has no legal effect. *Siddens v. Industrial Comm'n*, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18, 21 (1999). Because this court has a duty to vacate and expunge void orders from court records, we may *sua sponte* declare an order void. *Siddens*, 304 Ill. App. 3d at 511, 711 N.E.2d at 22.

■ Since an administrative agency is a creature of statute, any power or authority claimed by the agency must find its source within the provisions of the statute by which it is created. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 171, 613 N.E.2d 719, 729 (1993). The order entered on April 28, 1998, allowing a different ALJ to rule rather than the ALJ who presided over the public hearing, was purportedly based upon section 8A—102(I)(4) of the Act (775 ILCS 5/8A—102(I)(4) (West 1996)). That section of the Act provides as follows:

"Hearing on complaint.

\* \* \*

(4) The findings and recommended order of the hearing officer shall be filed with the Commission. The findings and recommended order need not be authored by the hearing officer who presides at the public hearing if:

(a) all parties to a complaint agree to have the decision written by a hearing officer who did not preside at the public hearing;

(b) the presiding hearing officer transmits his or her impression of witness credibility to the hearing officer who authors the findings and recommended order; *and*

(c) there are no questions of witness credibility presented by the record as found by the presiding officer." (Emphasis added.) 775 ILCS 5/8A—102(I)(4) (West 1996).

■ The Commission determined that the statute was applicable to the instant case. We, however, are not bound by the Commission's interpretation of section 8A—102 of the Act. Agency interpretations of statutes are not binding on the courts, and we must overturn any agency action that is inconsistent with the statute. *Carson Pirie Scott & Co. v. State of Illinois Department of Employment Security*, 131 Ill. 2d 23, 34, 544 N.E.2d 772, 777 (1989).

■ The construction of a statute is an issue of law; our review is *de novo. Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996). The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature. *Bowne of Chicago, Inc. v. Human Rights Comm'n*, 301 Ill. App. 3d 116, 119, 703 N.E.2d 443, 446 (1998). The most reliable indicator of legislative intent is the statute's language, which must be given its plain and ordinary meaning. *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996).

Section 8A—102 of the Act contains three subsections connected by the word "and." As a general rule, the use of the conjunctive, as in the word "and," indicates that the legislature intended for *all* of the listed requirements to be met. 1A N. Singer, Sutherland on Statutory Construction § 21.14, at 129 (5th ed. 1993); see also *Richardson Brothers v. Board of Review of the Department of Employment Security*, 198 Ill. App. 3d 422, 425-26, 555 N.E.2d 1126, 1128 (1990) (construing statute containing conjunctive criteria to be met in order for individual's services to be considered those of an employee rather than an independent contractor); *La Salle National Bank v. Triumvera Homeowners Ass'n*, 109 Ill. App. 3d 654, 670, 440 N.E.2d 1073, 1084 (1982) ("when items are meant to have effect when combined, conjunctive construction should be used, *** by means of the word 'and' "). Here, since the three requirements are conjunctive, we conclude that an ALJ who did not preside over the hearing may not render a written decision unless all three of the requirements are met.

■ In the present case, counsel for both parties agreed to the decision being written by an ALJ who did not preside at the evidentiary

hearing. Thus, it appears that subsection (a) of the statute was met in the instant case. The statute, however, contains two additional subsections, (b) and (c). Here, it is apparent from the record that subsection (b), which requires that the presiding hearing officer transmit his or her impression of witness credibility to the hearing officer who authors the findings and recommended order, was not met. Moreover, subsection (c), which further requires that there be no questions of witness credibility presented by the record as found by the presiding officer, was apparently not met. It is undisputed that there are questions of witness credibility presented by the record, as confirmed by the April 24, 1998, letter from the chief ALJ to the parties. Indeed, an ultimate issue of the case was dependent upon credibility determinations, as noted by Respondent who, in its reply to petitioner's exceptions to the ROD, argued as follows: "Based upon *witness credibility determinations* and the weighing of the evidence, the Judge found the Park District's proffered reason for terminating [Petitioner] was not a pretext for race, sex and age discrimination." (Emphasis added.)

Section 8A—102 of the Act does not confer upon the Commission the authority to allow an ALJ, other than the presiding ALJ, to author the findings and recommended order merely because the parties agree by stipulation to such action. To the extent that the Commission determined that the parties' agreement alone satisfied the requirements of the statute, that determination was erroneous. An erroneous construction of a statute by an administrative agency is not binding on a reviewing court, and even a reviewing court's deference to administrative expertise does not serve to license a governmental agency to expand the operation of a statute. *Boaden*, 171 Ill. 2d at 239, 664 N.E.2d at 65.

In view of the foregoing, we hold that the Commission exceeded its authority in deciding this case in the manner it did. Therefore, this cause is remanded so that this matter may be reset for another full hearing. We are not unmindful of the fact that our decision prolongs the ultimate resolution of Petitioner's case. Nonetheless, even in instances where an administrative body has discretion in its decision, whenever it must choose between justice and speed, it must pick the side of justice. *Six-Brothers King Drive Supermarket, Inc. v. Department of Revenue*, 192 Ill. App. 3d 976, 984, 549 N.E.2d 586, 591 (1989).

■ We further believe that, even if we had reached the merits of the case, this court would have found it necessary to remand the matter for further hearings and additional findings. As a direct result of the Commission's failure to comply with the statutory requirements, the resultant written decision does not contain sufficient findings to allow this court to provide meaningful review of the Commission's de-

cision. In its conclusions of law, the Commission determined that Petitioner "did not *** carry her burden and show, by the preponderance of the evidence presented, that Respondent's articulated reason for her discharge was pretextual for sex, race or age discrimination." In discrimination cases, however, whether an employer's articulated reason for an employee's discipline or termination is pretextual, *i.e.*, unworthy of belief, is a question of fact. *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 180, 545 N.E.2d 684, 688 (1989). Moreover, the Act provides that, upon judicial review of a decision of the Commission, the Commission's findings of fact should be sustained unless they are against the manifest weight of the evidence. *Wal-Mart Stores, Inc. v. Human Rights Comm'n*, 307 Ill. App. 3d 264, 267, 717 N.E.2d 552, 554 (1999). While it is true that the Commission made findings of fact regarding the disciplinary hearing that took place and Respondent's notice to Petitioner of her termination, these were essentially undisputed facts. The Commission's decision, however, contains no findings of fact as to what reason was articulated for Petitioner's discharge nor does it clearly indicate whether the reason was found pretextual, in the first instance. As the record before us stands now, this court would be required to exercise our power under Supreme Court Rule 335(i)(2) (155 Ill. 2d R. 335(i)(2)) and section 3—111(a)(7) of the Code of Civil Procedure (735 ILCS 5/3—111(a)(7) (West 1994)) to remand this case to the Commission for the taking of further evidence necessary for a resolution of these issues. See, *e.g.*, *Christ Hospital & Medical Center v. Human Rights Comm'n*, 293 Ill. App. 3d 105, 112-13, 687 N.E.2d 1090, 1095 (1997).

■ Although neither party has contested the Commission's decision as to attorney fees, in view of our decision to remand for a new hearing, we wish to make clear that nothing in this opinion should be construed as affecting the Commission's decision regarding attorney fees. As our supreme court has noted, "The Human Rights Commission's rules governing petitions for attorney fees and costs impose no requirements that a hearing be conducted to resolve contested issues regarding claims for fees." *Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 494, 672 N.E.2d 1136, 1147 (1996). Furthermore, it is within the ALJ's discretion to determine whether a hearing is necessary to determine what amount would be a reasonable award of attorney fees, and as long as the ALJ is able to make such a determination from evidence presented in the petition and the answer, the ALJ's determination should not be disturbed on review. *Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 495, 672 N.E.2d 1136, 1148 (1996).

Here, Respondent was sanctioned for discovery violations prior to

the public hearing. ALJ Helen Gunnarson entered orders awarding reasonable attorney fees and further directed that the petition for such fees was to be filed at the end of the case. Pursuant to these orders, ALJ McGuire thoroughly considered the issue of attorney fees, which were addressed in her findings of fact and conclusions of law in her ROD, and resulted in her suggestion that such fees be awarded to Petitioner. Because ALJ McGuire, and not ALJ Kline, was the trier of fact regarding this issue, the Commission did not exceed its authority in accepting her recommendations as to attorney fees and that portion of its decision stands.

■ We shall also address one of the issues that was raised and argued below as it will arise again on remand and is a question of law that has been briefed by the parties. *Village of Spring Grove v. Doss,* 202 Ill. App. 3d 858, 862, 563 N.E.2d 793, 796 (1990). The issue involves the "jurisdiction" of the Commission over Petitioner's allegations that Respondent discriminatorily delayed the scheduling of hearings during the appeal of her discharge to the Personnel Review Board.

Although Petitioner was terminated in November 1992, her post-termination disciplinary hearing was not held until various dates between August 1994 and March 1995. There is no provision, either in the Chicago Park District Act (70 ILCS 1505/0.01 *et seq.* (West 1994)) or in the Chicago Park District's Personnel Code for a minimum or maximum time limit on how long the Personnel Review Board may take in reaching a final decision. *Calabrese v. Chicago Park District,* 294 Ill. App. 3d 1055, 1063, 691 N.E.2d 850, 856 (1998). Nevertheless, in *De Vito v. Chicago Park District,* 972 F.2d 851 (7th Cir. 1992), Respondent conceded that in 1989 it had a policy by which requests for appeal hearings were processed on a "first in, first out" basis.

In the present case, Respondent admitted that there are no documents showing that this policy has ever changed. Moreover, it is undisputed that, in processing Petitioner's appeal of her termination, Respondent did not follow its usual "first in, first out" appeal procedure. Nonetheless, Respondent, and now the Commission, take the stance that the Commission lacks jurisdiction over Petitioner's charges that relate to the grievance procedure.

Respondent supports its contention that the Commission lacked jurisdiction by pointing out that, at the time of the delayed hearing of Petitioner's appeal before the Personnel Review Board, Petitioner was no longer an "employee" within the definition of the Act because, having already been fired, she was no longer performing services or receiving remuneration from Respondent, factors that are key to the employment relationship. We disagree and note that such a meritless argument could also be used to contend that the Commission lacks ju-

risdiction over claims of applicants who, for discriminatory reasons, are not hired for positions merely because they are not receiving a paycheck or performing services. The Commission, on the other hand, merely states in a footnote that it now agrees with Respondent that it has no jurisdiction, but essentially bases its position upon the fact that the Act does not contain express language that its coverage includes "grievance procedures." We also reject the Commission's argument.

The Illinois Human Rights Act provides, in pertinent part, as follows:

"§ 1—102. Declaration of Policy. It is the public policy of this State:

(A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, military status, or unfavorable discharge from military service *in connection with employment* ***." (Emphasis added.) 775 ILCS 5/1—102(A) (West 1996).

Article 2 of the Act which relates to employment, provides, in pertinent part, as follows:

"It is a civil rights violation:

*** For any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or *terms, privileges or conditions of employment* on the basis of unlawful discrimination or citizenship status." (Emphasis added.) 775 ILCS 5/2—102(A) (West 1996).

In construing a broad remedial civil rights statute such as the Human Rights Act, it is incumbent upon a reviewing court to do so liberally in order to effectuate the intent of the legislature. *Tandy Corp. v. Human Rights Comm'n*, 264 Ill. App. 3d 828, 637 N.E.2d 725 (1994). While it is true that the Act does not expressly state that "grievance procedures" fall within its coverage, it expressly includes "terms, privileges or conditions of employment." 775 ILCS 5/2—102(A) (West 1996). As Petitioner correctly notes, a grievance process is one of the terms, conditions and privileges of *her* employment. The Chicago Park District Act provides the following:

"Any employee with career service status shall be discharged or suspended without pay for more than 30 days only for cause and only upon written charges for the discharge or suspension. The employee shall have an opportunity to appeal the action to the personnel board and to receive a hearing before the personnel board or a hearing officer appointed by it." 70 ILCS 1505/16a(c)(4)(J) (West 1994).

Thus, we hold that the Commission has jurisdiction over Petitioner's claim of a discriminatorily delayed hearing of her appeal before the Personnel Review Board and remand for a consideration of the merits of Petitioner's allegations on the issue.

In case any doubts remain as to the Commission's "jurisdiction" or obligations, upon remand, another public hearing shall be scheduled and Petitioner shall be permitted to attempt to prove a *prima facie* case of discriminatory treatment in both her termination and her appeal procedure. Respondent shall be given an opportunity to meet its burden of clearly articulating a legitimate nondiscriminatory reason for the termination and the delayed appeal hearing. Should Respondent meet this burden, Petitioner must prove that Respondent's reason is pretextual and, further, that it is pretextual for discrimination.

For the reasons stated, the Commission's order of February 26, 1999, is vacated. This cause is remanded to the Commission for entry of an order, consistent with this opinion, (1) vacating the RLD entered on August 27, 1998, with the exception of recommendation No. 2, which dealt solely with the issue of attorney fees, and (2) vacating those portions of the ROD that deal solely with the relief recommended in the RLD. Those portions of the RLD and ROD relating to the award of attorney fees based on discovery violations, an issue unrelated to that of the present appeal, shall stand.

Order vacated in part; cause remanded with directions.

O'MARA FROSSARD, P.J., and RAKOWSKI, J., concur.