LINDA SUE PACE, Petitioner, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents.

Fifth District   No. 5—88—0403

Opinion filed August 9, 1989.

Harry J. Sterling and John Long, both of Sterling, Kelley & Long, P.C., of Fairview Heights, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Diane Curry Grapsas, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Steven N. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for respondent Lockhaven Country Club.

JUSTICE HARRISON delivered the opinion of the court:
Petitioner, Linda Sue Pace, appeals to this court pursuant to section 8—111(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 8—111(A)) from an order of the Illinois Human Rights

Commission (the Commission) which dismissed, with prejudice, a complaint which she had filed against respondent Lockhaven Country Club alleging that she had been harassed and constructively discharged from her employment based on her sex. The sole basis for the Commission's dismissal order was that petitioner's complaint was untimely under section 7—102(G)(2) of the Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) because it was not filed within 30 days of the expiration of the 300-day period following the initial filing of her charge of a civil rights violation with the Department of Human Rights.

On this appeal, petitioner argues that the Commission should not have invoked the 30-day filing requirement to bar her complaint because that requirement is so burdensome and restrictive that it violates section 17 of article I of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §17) and deprives her of due process of law in violation of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV). For the reasons which follow, we affirm.

The facts necessary to the disposition of this appeal are not in dispute. On September 8, 1986, petitioner filed a charge of discrimination with the Illinois Department of Human Rights pursuant to section 7—102 of the Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102). In that charge, petitioner alleged that she was harassed and constructively discharged from her job as a "Secretary/Accounts Payable" by respondent Lockhaven Country Club based upon her gender. Approximately one year after this charge was filed, petitioner submitted a written request to the Department of Human Rights asking that the charge be withdrawn. That request was granted, and petitioner's charge was dismissed by the Department in an order entered on October 5, 1987.

On December 26, 1987, more than 2½ months later, petitioner filed a civil rights complaint directly with the Human Rights Commission. Respondent Lockhaven Country Club then moved to dismiss the complaint on the grounds that it did not comply with the time requirements set forth in section 7—102(G)(2) of the Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)). Following arguments by the parties, an administrative law judge recommended that respondent's motion be granted. The Commission adopted this recommendation, and on June 28, 1988, it issued an order dismissing petitioner's complaint with prejudice. From this order petitioner now appeals.

■ Section 7—102(G) of the Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)) provides:

"(1) When a charge of a civil rights violation has been prop-

erly filed, the Department, within 300 days thereof or within any extension of that period agreed to in writing by all parties, shall either issue and file a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and the respondent.

(2) Within 30 days of the expiration of the 300-day period or such longer period as shall have been agreed upon pursuant to subparagraph (1), the aggrieved party may file a complaint with the Commission, if the Department has not sooner filed a complaint or ordered that no complaint be issued. The form of the complaint shall be in accordance with the provisions of paragraph (F). The aggrieved party shall notify the Department that a complaint has been filed and shall serve a copy of the complaint on the Department on the same date that the complaint is filed with the Commission. Upon such notice, the Department shall cease processing the charge.

(3) Unless and until the aggrieved party files a complaint with the Human Rights Commission pursuant to paragraph (2) of this subsection, the Department shall continue its investigation and conclude it with the greatest promptness that is administratively feasible."

On this appeal, petitioner does not dispute that her complaint with the Commission was not filed within 30 days of the expiration of the 300-day period following the initial filing of the charge of a civil rights violation with the Department, as provided in section 7—102(G)(2) (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)). (Her complaint was not, in fact, filed until 475 days after the filing of her initial charge.) Petitioner claims, however, that the 30-day period is so short that it violates her rights under section 17 of article I of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §17) and deprives her of due process of law in violation of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV). Accordingly, she reasons that the 30-day period should not be permitted to stand as a bar to her complaint.

A threshold problem with petitioner's position is that she withdrew her charge with the Department prior to filing her complaint with the Commission. As the text of section 7—102(G) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)) indicates, however, the right of an aggrieved party to file a complaint directly with the Commission presupposes that a charge is pending before the Department. There can be no dispute, for example, that if no charge has

been filed with the Department, then section 7—102(G) does not even come into play. Likewise, it would appear that if a charge has been filed and then dropped by the aggrieved party, the provisions of section 7—102(G) cease to apply. Once this has happened, the aggrieved party will never be entitled to file a complaint with the Commission under authority of section 7—102(G)(2). Accordingly, whether petitioner here filed her complaint within 30 days, six months, or even a year after expiration of the initial 300-day period is of no consequence. Once she decided to withdraw her charge, her statutory right to file a complaint with the Commission ended.

■ Even if this were not the case, we would nevertheless be compelled to affirm the Commission's order of dismissal, for we are not persuaded that the 30-day filing requirement is invalid under either the State or Federal Constitution. Statutes are presumed to be constitutional, and one who challenges a provision has the burden of establishing its invalidity. (*Pre-School Owners Association of Illinois, Inc. v. Department of Children & Family Services* (1988), 119 Ill. 2d 268, 275, 518 N.E.2d 1018, 1022, *appeal dismissed* (1988), 487 U.S. 1212, 101 L. Ed. 2d 897, 108 S. Ct. 2861.) Petitioner has not sustained this burden.

■ Article I, section 17, of the 1970 Illinois Constitution provides:

> "All persons shall have the right to be free from discrimination on the basis of race, color, creed, national ancestry and sex in the hiring and promotion practices of any employer or in the sale or rental of property.
>
> These rights are enforceable without action by the General Assembly, but the General Assembly by law may establish reasonable exemptions relating to these rights and provide additional remedies for their violation." (Ill. Const. 1970, art. I, §17.)

Pursuant to its authority under this provision, the General Assembly has promulgated the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1987, ch. 68, par. 1—101 *et seq.*). Section 8—111(C) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 8—111(C)) provides:

> "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."

In accordance with this provision, the courts have now uniformly recognized that where the Act applies, it is the exclusive source for redress of alleged civil rights violations. *Ritzheimer v. Insurance Counselors, Inc.* (1988), 173 Ill. App. 3d 953, 960, 527 N.E.2d 1281, 1286.

■ This does not mean, of course, that every procedural requirement imposed by the Act is proper merely because it has been promulgated by the General Assembly under color of the authority granted to it by article I, section 17, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §17). Procedural requirements which unreasonably burden the ability of a party to secure redress for discrimination in employment are not authorized by article I, section 17 (Ill. Const. 1970, art. I, §17), and cannot be sustained thereunder. We do not believe, however, that the 30-day period specified by section 7—102(G)(2) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) is such an unreasonable burden.

Although 30 days is not a long period of time, the failure of a party to comply with the 30-day time restriction is not fatal to his or her ability to obtain redress under the Act. If no complaint is filed with the Human Rights Commission within the 30-day period, the Act expressly provides that "the Department shall continue its investigation and conclude it with the greatest promptness that is administratively feasible." (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(3).) If the Department determines that there has been a violation of the Act, it will first attempt conciliation of the parties, and if that effort fails, issue a complaint against the respondent. If, on the other hand, the Department determines that there is no substantial evidence of discrimination, the complainant may seek review of this determination before the Human Rights Commission, and if the Commission affirms the Department's finding of lack of evidence of discrimination, this finding will, in turn, be subject to judicial review. *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 5-6, 485 N.E.2d 312, 314.

Thus, even if a complaining party is unable to personally file a complaint directly with the Human Rights Commission because the statutory time period has passed, recourse remains available. The provision of section 7—102(G)(2) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) which permits an aggrieved party to file a complaint directly with the Commission within 30 days after expiration of the initial 300-day period merely provides an optional, alternative method by which an aggrieved party may proceed if he or she is not satisfied with the progress made by the Department.

Because failure to meet the 30-day requirement imposed by section 7—102(G)(2) (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) does not preclude an aggrieved party from continuing to seek relief under the Act, we do not believe that the 30-day time period is analogous to a statute of limitations, as urged by petitioner. We note, moreover, that procedural rules requiring that action be taken within 30 days

are not uncommon in the law. Perhaps the most obvious example is Supreme Court Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)), governing appeals from final judgments of the circuit courts in civil cases. Under that rule a notice of appeal must ordinarily be filed within 30 days after entry of the final judgment appealed from. Failure to act within this 30-day period will normally be fatal to one's appeal rights, yet the appropriateness of this 30-day period is well established. Under the Human Rights Act, by contrast, missing the 30-day deadline will not defeat a party's claim. As we have previously indicated, the claim will continue to be processed. Under these circumstances, we fail to see how imposition of a 30-day period on the use of the alternative procedure provided by section 7—102(G)(2) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) can be regarded as unreasonable.

We recognize that because petitioner here withdrew her discrimination charge from the Department's consideration after expiration of the 30-day period for filing her own complaint directly with the Commission, her failure to file her complaint with the Commission within the 30-day period means that her right to obtain any redress under the Human Rights Act will be lost. This, however, does not alter our conclusion. Even if one does not accept our previous analysis of the Act, it is clear at least that petitioner was not required to dismiss her charge before filing a complaint with the Commission. Her decision to do so was apparently based on an ultimately unsuccessful tactical decision by her attorney to abandon the State administrative proceeding and to pursue the matter in Federal court under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq. (1981)). That decision scarcely renders the Illinois statutory scheme infirm.

■ We likewise find no merit to petitioner's argument that the 30-day period under section 7—102(G)(2) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(G)(2)) violates her due process rights under the fourteenth amendment to the United States Constitution. Due process is not offended where the State refuses to consider the merits of a claim because the claimant has failed to comply with a reasonable procedural requirement or failed to file a timely charge. (Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 434 n.7, 71 L. Ed. 2d 265, 277 n.7, 102 S. Ct. 1148, 1157 n.7.) For reasons previously discussed, we believe that the 30-day period in dispute here constitutes such a reasonable requirement.

In view of this disposition, we need not reach respondents' additional argument that judicial review of the Commission's decision is precluded by petitioner's failure to file exceptions to the administrative law judge's recommended order or to request a rehearing of the

Commission's final order dismissing her complaint.

For the foregoing reasons, the order of the Illinois Human Rights Commission dismissing petitioner's complaint with prejudice is affirmed.

Affirmed.

LEWIS and CHAPMAN, JJ., concur.