FREDA WEATHERLY, Petitioner, v. THE HUMAN RIGHTS COMMISSION
*et al.*, Respondents.

First District (3rd Division)   No. 1—01—2255

Opinion filed April 16, 2003.

434

HALL, J., dissenting.

Law Offices of Lucas & Cardenas, of Chicago (David H. Lucas and Katherine A. Cardenas, of counsel), for petitioner.

Barlow, Kobata & Denis, of Chicago (Marty Denis and Lawrence M. Cohen, of counsel), for respondent ITT Technical Institute.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Brette E. Legner, Assistant Attorney General, of counsel), for respondent Human Rights Commission.

JUSTICE HOFFMAN delivered the opinion of the court:

This case is before us for direct review of an order of the Illinois Human Rights Commission (Commission) dismissing, for want of jurisdiction, a complaint charging that the respondent, ITT Technical Institute (ITT), terminated the employment of the petitioner, Freda Weatherly, in retaliation for her opposition to discriminatory practices. For the reasons that follow, we confirm the Commission's order.

On August 6, 1998, ITT fired the petitioner, stating as its reason for doing so that she violated a company rule and committed theft by ordering a calculator for her personal use. On September 10, 1998, the petitioner filed a charge of discrimination with the Illinois Department of Human Rights (Department), asserting therein that she was discharged by ITT because of her race. The written charge states, in relevant part, as follows:

"I. A. ISSUE/BASIS

DISCHARGED ON AUGUST 6, 1998, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black and I was the only black employee in my department.

2. My work performance as a Special Service Coordinator was very good.

3. On August 6, 1998, I was discharged. The reason given by Sandee Rusiniak (white), Director of Placement and acting Director, for my discharge was for ordering a personal item which is considered a theft.

4. I ordered a calculator to use in the performance of my job. To my knowledge, I did not violate a work related policy by having ordered the calculator. Lisa Breitenberg (white), Marketing Secretary, was found to have falsified her time card. To my knowledge, she was not discharged. I was replaced by Breitenberg."

The written charge form contains a heading labeled "Cause Of Discrimination Based On." The only box checked under that heading is the one labeled "Race." The box labeled "Retaliation" is not checked.

On June 23, 1999, the petitioner amended her charge of discrimi-

nation to include a count based upon retaliation. The written amendment states, in relevant part, as follows:

"II. A. *ISSUE/BASIS*

DISCHARGED AUGUST 6, 1998, IN RETALIATION FOR OPENLY OPPOSING RACE DISCRIMINATION.

B. *Prima facie case*

1. I complained to Sandee Rusiniak (white), Director of Placement and Acting Director, that Lisa Breitenberg was treated differently because she is white. My opposition to the race discrimination due to the different treatment was reasonably [*sic*] and in good faith.

2. On August 6, 1998, I was discharged. The reason given by Rusiniak was for ordering a personal item which is considered a theft.

3. I was subsequently discharged following opposition to discrimination within such a period of time as to raise an inference of retaliatory motivation."

On the same date that the petitioner amended her charge to include a claim of retaliation, she withdrew her race discrimination claim.

The Department filed a complaint with the Commission on December 3, 1999, charging ITT with a civil rights violation. The complaint alleged that ITT's stated reason for discharging the petitioner was pretextual and that she was discharged in retaliation for having opposed an unfair and discriminatory employment practice. The complaint specifically noted that the petitioner withdrew her claim of race discrimination on June 23, 1999, and that the Department had administratively closed its investigation as to that count.

ITT answered the Department's complaint, denying the charging allegations contained therein and asserting, *inter alia*, that the complaint is untimely. Thereafter, on September 28, 2000, ITT filed a motion for summary judgment arguing both that the complaint is time-barred, as the petitioner's charge of discrimination based upon retaliation was filed with the Department more than 180 days after her discharge, and that insufficient evidence exists to establish a *prima facie* case of retaliation.

After briefing and argument on ITT's motion, an administrative law judge (ALJ) issued a recommended order and decision, concluding that the Commission lacked jurisdiction over the matter because the petitioner's charge of retaliation was filed with the Department after the expiration of the 180-day period set forth in section 7A—102(A)(1) of the Illinois Human Rights Act (Act) (775 ILCS 5/7A—102(A)(1) (West 1998)) and recommending that the action be dismissed for want of jurisdiction. Thereafter, the petitioner filed her exceptions to the ALJ's recommended order and decision.

On June 13, 2001, the executive director of the Commission filed a notice pursuant to section 8A—103(E)(3) of the Act (775 ILCS 5/8A—103(E)(3) (West 2000)), informing the parties that the Commission had declined to review the ALJ's recommended order and decision and, as a consequence, the recommended order and decision had become the order of the Commission. On June 27, 2001, the petitioner filed her timely petition for review of the Commission's decision with the clerk of this court pursuant to Supreme Court Rule 335 (155 Ill. 2d R. 335).

In urging reversal of the Commission's decision, the petitioner argues that the amendment which she filed with the Department on June 23, 1999, was not untimely as it related back to the timely filing of her original charge on September 10, 1998. The petitioner also appears to argue that an application of the doctrines of equitable tolling and estoppel prevent the dismissal of the instant action on jurisdictional grounds. We reject each of the petitioner's arguments.

■ The claimant's amended charge of discrimination alleges a civil rights violation as defined in section 6—101(A) of the Act. 775 ILCS 5/6—101(A) (West 1998). The Act is the "exclusive source for redress of civil rights violations" (*Village of Maywood Board of Fire & Police Commissioners v. Department of Human Rights*, 296 Ill. App. 3d 570, 581, 695 N.E.2d 873 (1998)) and, except for limited exceptions not relevant to the disposition of this case, the Commission is vested with exclusive jurisdiction over the subject of alleged civil rights violations (see *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 322, 547 N.E.2d 437 (1989); 775 ILCS 5/8—111(C) (West 1998)).

Section 7A—102(A)(1) of the Act fixes the time within which a charge of a civil rights violation may be filed with the Department. See 775 ILCS 5/7A—102(A)(1) (West 1998). The Commission has no power to act beyond that power granted it by the legislature, and the Act does not confer upon the Commission the authority to consider complaints based on untimely filed charges. *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 728, 559 N.E.2d 229 (1990). Because the Act creates a remedy that was unknown at common law and also sets the time within which a charge may be filed with the Department, compliance with the statutory time limit is a condition precedent to the right to seek a remedy (*Robinson*, 201 Ill. App. 3d at 728; see also *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 209-10, 486 N.E.2d 893 (1985)) and is a prerequisite to the Commission's acquisition of subject matter jurisdiction (*Robinson*, 201 Ill. App. 3d at 727-29; *Pickering v. Illinois Human Rights Comm'n*, 146 Ill. App. 3d 340, 344-47, 496 N.E.2d 746 (1986)).

■ First, we address the issue of whether the petitioner's charge of

discrimination predicated upon ITT's alleged retaliation was filed timely. Section 7A—102(A)(1) of the Act provides:

> "Within 180 days after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the Department by an aggrieved party or issued by the Department itself under the signature of the Director." 775 ILCS 5/7A—102(A)(1) (West 1998).

It is undisputed that the petitioner's original charge of race discrimination was filed with the Department within the 180-day period provided in section 7A—102(A)(1). It is also undisputed that the amendment the petitioner filed on June 23, 1999, charging discrimination based upon retaliation was filed after the expiration of that period. Nevertheless, the petitioner argues that her retaliation claim was not untimely, contending that the filing of the amendment relates back to the timely filing of her original charge.

■ Pursuant to the procedural rules promulgated by the Department, "[a] charge may be amended to cure technical defects or to set forth additional facts or allegations related to the subject matter of the original charge, and such amendments shall relate back to the original filing date." 56 Ill. Adm. Code § 2520.360(a) (1994). Since the petitioner's June 23, 1999, amendment did not cure any technical defects in her original charge, the amendment can only be found to relate back to the original filing date if it set forth additional facts or allegations related to the subject matter of the original charge. The ALJ's recommended order and decision, which became the Commission's order, contains a finding that it did not. We agree.

■ In an employment setting, a charge of discrimination based upon retaliation is both factually and conceptually distinct from a claim of race discrimination. The former focuses upon adverse employment consequences attached to an employee's exercise of a protected right; whereas, the latter asserts that the employer's adverse action was motivated by the employee's race. See *Noreuil v. Peabody Coal Co.*, 96 F.3d 254 (7th Cir. 1996). A charge that an employee was fired because she complained to management about racially discriminatory practices is not the same as a charge that the employee was fired because of her race. A retaliation charge is not dependent upon the race of the employee; a charge of race discrimination is. See *Robinson*, 201 Ill. App. 3d at 731.

■ Here, just as in *Robinson*, the petitioner's amendment raised a claim that was separate and distinct from the one asserted in her original charge. The fact that both the amendment and the original charge allege that the petitioner was discharged does not support the conclusion that they relate to the same subject matter. *Robinson*, 201

Ill. App. 3d at 732. The original charge alleged that the petitioner was fired by reason of her race. Although that charge states that a white employee, Lisa Breitenberg, who had falsified her time cards was not fired, it did not allege that the petitioner complained to anyone at ITT that Breitenberg was treated differently than her or any other black employee. Further, the original charge did not allege that the petitioner was fired in retaliation for making any such complaint. In contrast, the amendment filed by the petitioner on June 23, 1999, alleged that she was fired because she complained to ITT's director of placement, Sandee Rusiniak, that "Lisa Breitenberg was treated differently because she is white." The subject matter of the original charge was race discrimination; whereas, the charge set forth in the amendment is for retaliation.

The foregoing analysis leads us to conclude that the amendment filed by the petitioner on June 23, 1999, does not merely set forth additional facts or allegations related to the subject matter of her original charge but instead sets forth a new charge that does not relate back to the original filing date. As such, the claim of retaliation set forth in the amendment is independently subject to the time limit set forth in section 7A—102(A)(1) of the Act. *Robinson*, 201 Ill. App. 3d at 732-33.

Next, the petitioner argues that, if her amendment does not relate back to the filing of her original charge, application of the doctrines of equitable tolling and estoppel preclude the dismissal of her complaint on jurisdictional grounds. We disagree.

The *Robinson* court "strongly questioned" the applicability of equitable tolling principles, ordinarily applied in the context of statutes of limitation, to any jurisdictional time limitation (*Robinson*, 201 Ill. App. 3d at 729) and the court in *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 507, 676 N.E.2d 679 (1997), held that jurisdiction cannot be conferred by estoppel. However, even if these equitable doctrines could be applied to prevent the dismissal of an action pending before the Commission predicated upon a charge that was not filed with the Department within the 180-day period set forth in section 7A—102(A)(1) of the Act, neither doctrine is applicable to the circumstances present in this case.

■ Equitable tolling of a statute of limitations may be appropriate in circumstances where: a defendant has actively misled the plaintiff; the plaintiff has, in some extraordinary way, been prevented from asserting her rights in a timely manner; or the plaintiff asserted her rights mistakenly in the wrong forum. See *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217 (2000). In this case, the petitioner filed a response to ITT's motion for summary judgment supported by evidentiary material which included her own affidavit. However, none

of the evidentiary material that was submitted to the ALJ or that is contained in the record before this court supports the proposition that, prior to the expiration of the 180-day period set forth in section 7A—102(A)(1) of the Act, either ITT or the Department misled the petitioner in any way or that she was somehow prevented from filing a charge of retaliation with the Department. Further, it is clear that the petitioner did not mistakenly file her retaliation charge timely in the wrong forum.

■ We are left then with the issue of whether principles of estoppel prevent the dismissal of the petitioner's complaint. In *Pickering*, the court concluded that estoppel is a narrow exception to the jurisdictional time limit set forth in section 7A—102(A)(1) and held that "if a charge is untimely filed because of a party's misleading conduct, that party will be estopped from raising the limitation period as a defense." *Pickering*, 146 Ill. App. 3d at 348; see also *Gonzalez v. Human Rights Comm'n*, 179 Ill. App. 3d 362, 368-69, 534 N.E.2d 544 (1989). In *Whitaker v. Human Rights Comm'n*, 184 Ill. App. 3d 356, 359, 540 N.E.2d 361 (1989), the court recognized estoppel as "a valid exception to the 180-day requirement" in circumstances "where the agency's misleading conduct causes the claimant to miss the deadline."

While equitable tolling addresses the running or suspension of a limitations period, estoppel comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be prevented from asserting the passage of the limitations period as a defense. *In re Joseph B., Jr.*, 258 Ill. App. 3d 954, 974, 630 N.E.2d 1180 (1994), citing *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1070 (7th Cir. 1978). A party whose conduct has caused another to delay filing suit until after the limitations period has run may be estopped from asserting the statute of limitations as a bar to the action. To prevail on this theory, the party asserting estoppel must establish that she reasonably relied upon the other party's conduct or representations in forbearing suit. *Feiler v. Covenant Medical Center of Champaign-Urbana*, 232 Ill. App. 3d 1088, 1093, 598 N.E.2d 376 (1992).

■ In an affidavit submitted in opposition to ITT's motion for summary judgment, the petitioner averred that she met with Donna Poole, one of the Department's investigators, on June 23, 1999, and was told that she had to amend her charge to include a retaliation claim. The petitioner further alleged that Poole told her that the amendment was timely. According to the petitioner, had she known that the amendment was untimely, she would never have filed the amendment or withdrawn her claim of race discrimination. Based upon these allegations, the petitioner asserts that she was misled by

the Department and argues that, as a consequence, ITT is estopped from asserting that her charge of retaliation is untimely.

■ The petitioner's affidavit may well support a finding that she would not have amended her charge to include a claim of retaliation or withdrawn her race discrimination claim but for Poole's advice. However, Poole advised the claimant to amend her charge to include a retaliation claim well after the 180-day limit for the filing of charges had passed. The issue is not whether the claimant was misled into filing an untimely charge, the issue is whether misleading conduct on the part of ITT or the Department caused the petitioner to fail to file her charge of retaliation timely. There is no indication in the record that the petitioner had any intention of filing a charge of retaliation prior to the expiration of the statutory filing period or that she refrained from doing so in reliance on any conduct of either ITT or the Department. Simply put, no issue of fact exists on the question of whether any conduct or representation on the part of ITT or the Department caused the petitioner to delay filing a claim for retaliation until after the statutory time limit had expired and, for this reason, we hold that the petitioner's estoppel argument is without merit.

In summary, we find that: (1) the 180-day filing limitation in section 7A—102(A)(1) of the Act is jurisdictional; (2) the retaliation claim set forth in the amendment filed by the petitioner on June 23, 1999, does not relate to the subject matter of her original charge; (3) the filing of the retaliation claim set forth in the petitioner's amendment does not relate back to the filing of her original charge; (4) the amendment containing the petitioner's retaliation claim was not filed with the Department within the 180-day period set forth in section 7A—102(A)(1) of the Act; and (5) the facts present in the record do not create any issue of fact as to the application of the doctrines of equitable tolling or estoppel. As a consequence, we confirm the Commission's decision to dismiss this action for want of jurisdiction.

Affirmed.

WOLFSON, J., concurs.

JUSTICE HALL, dissenting:

I respectfully dissent. Under section 2520.360(a) of the Department rules, "[a] charge may be amended to cure technical defects or to set forth additional facts or allegations related to the subject matter of the original charge, and such amendments shall relate back to the original filing date." 56 Ill. Adm. Code § 2520.360(a) (eff. November 4, 1994). The majority found that the amended retaliation charge did not

relate back to the timely filed discrimination charge because the retaliation charge alleged that petitioner was fired in retaliation for complaining to an ITT director that she was treated differently from a fellow white employee, while in the discrimination charge, even though petitioner complained about this disparate treatment, she failed to alleged that she complained to anyone at ITT about the treatment or that she was fired in retaliation for making such a complaint. Therefore, the majority concludes that the retaliation charge does not relate back to the discrimination charge because the subject matter of the discrimination charge was race discrimination whereas the subject matter of the retaliation charge was retaliation. The majority's finding is based upon its conclusion that a charge that an employee was fired in retaliation for complaining about race discrimination is unrelated to a charge that the employee was fired because of race discrimination. I disagree. A comparison of these two charges clearly shows that the amended retaliation charge set forth additional allegations related to the subject matter of the original discrimination charge—race discrimination.

The problem in this case, as Justice Wolfson pointed out at oral argument, is with the time line. Petitioner's discrimination charge was based upon disparate treatment in that she was terminated for violating a work-related policy by ordering a calculator, whereas a white co-employee who falsified her time card was not fired. In the retaliation charge, petitioner claimed that she was fired in retaliation for complaining about this disparate treatment. However, when the petitioner complained about her coworker, she had already been fired. In essence, the disparate treatment was the firing itself. Thus, the retaliation charge was a phantom charge that should never have been filed. A person cannot be fired in retaliation for complaining about being fired.

The only thing ostensibly separating the two charges is the Department investigator's erroneous introduction of the idea of retaliation, which implies two incidents. Here, there was only one incident—the termination. There was no previous act upon which a retaliatory charge could be based. Consequently, it is impossible for the retaliation charge not to relate back to the discrimination charge since they are actually the same charge. A comparison of the discrimination and retaliation charges clearly shows that they are related to the same subject matter of race discrimination.

When the petitioner followed the Department investigator's advice to withdraw her discrimination charge after the 180-day limitation period had expired, she lost her right to obtain redress under the Human Rights Act. See *Pace v. Human Rights Comm'n*, 187 Ill. App. 3d

16, 19-20, 542 N.E.2d 1277 (1989). I believe that equitable principles should be applied in this case to enable petitioner's claim to go forward and be heard on the merits. Specifically, equitable estoppel should be applied. The determination that a statute of limitations is jurisdictional does not preclude application of equitable estoppel under Illinois law. *In re Joseph B., Jr.*, 258 Ill. App. 3d 954, 630 N.E.2d 1180 (1994); *Faulkner-King v. Department of Human Rights*, 225 Ill. App. 3d 784, 587 N.E.2d 599 (1992); *Lee v. Human Rights Comm'n*, 126 Ill. App. 3d 666, 669, 467 N.E.2d 943 (1984).

Based upon the interrelationship between the Department and the Commission (*Gonzalez v. Human Rights Comm'n*, 179 Ill. App. 3d 362, 370, 534 N.E.2d 544 (1989)), the Commission should be estopped from raising the jurisdictional 180-day limitations period as a defense where an unrepresented complainant's decision to follow the advice of a Department investigator causes the complainant to permanently lose his or her right to file a complaint with the Commission. Therefore, I would reverse and vacate the Commission's decision to dismiss this action for want of jurisdiction and remand the matter to the Commission for a full hearing on the merits.