2020 IL App (1st) 190632-U
No. 1-19-0632
Order filed January 21, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARK HEDGEMAN, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| UNITED AIRLINES, THE HUMAN RIGHTS | ) | Charge No. 2015 CR 3002 |
| COMMISSION, and THE DEPARTMENT OF | ) | |
| HUMAN RIGHTS, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The decision of the Human Rights Commission sustaining the Department of Human Rights' dismissal of petitioner's charge of discrimination based on a lack of jurisdiction is affirmed.

¶ 2   Mark Hedgeman, a self-represented litigant, appeals from a final order entered by the Human Rights Commission sustaining the Department of Human Rights' dismissal of his charge of discrimination based on a lack of jurisdiction. The Commission concluded that the Department

properly dismissed Hedgeman's discrimination charge for lack of jurisdiction when Hedgeman did not file his claims of unlawful discharge and retaliation by respondent United Airlines within the 180-day statutory filing period. On appeal, Hedgeman asks us to "overturn the verdicts" where United Airlines and IAMAW #1487 (not a party to this appeal) engaged in defamation, conspiracy, and violation of his civil rights.

¶ 3     We affirm. The Commission properly found that it lacked jurisdiction to consider Hedgeman's charges since they were filed after the expiration of the 180-day period set by section 7A-102(A)(1), and untimely as a matter of law.

¶ 4                           Background

¶ 5     In March 2015, Hedgeman filed a charge of discrimination with the Department, alleging that he was employed by United Airlines from 1988 until 1998. After he was wrongfully terminated, he filed a charge with the Equal Employment Opportunity Commission and a lawsuit. Hedgeman further alleged that United Airlines retaliated against him "through the public information that has been disseminated," and he was not hired by several employers "as a direct result" of the lawsuit he filed against United Airlines.

¶ 6     A Department investigator looked into Hedgeman's claims, and, on September 30, 2015, issued a report. According to the report, in March 2015, Hedgeman filed a charge alleging that on November 4, 1998, United Airlines discharged him, and from November 4, 1998 to March 7, 2001, United Airlines retaliated against him by disseminating public information that has kept him from being hired by several employers. After his termination, Hedgeman filed a wrongful termination lawsuit against United Airlines. On March 7, 2001, United Airlines' motion for summary judgment was granted in the wrongful termination case. The report concluded that Hedgeman filed his charge

6173 days after United Airlines discharged him on November 4, 1998, and 5319 days after United Airlines' motion for summary judgment was granted.

¶ 7     Under 7A-102(A)(1) of the Illinois Human Rights Act (Act) (775 ILCS 5/7A-02(A)(1) (West 2014)), Hedgeman's charges were not timely filed—the 180-day window having long expired. A finding of lack of jurisdiction was recommended.

¶ 8     Hedgeman filed a timely *pro se* request for review alleging that United Airlines retaliated against him from November 4, 1998, until the present because he was "not allowed" to work for any airline in the United States due to the accusations. He claimed that the orders entered in his lawsuit against United Airlines contained "fabricated information." The request also detailed that Hedgeman was involved in a 2008 class action suit against another employer based on recordings he made of his coworkers making racial and sexual slurs, and that he resigned from a third employer because it was "racist on both sides."

¶ 9     The Department responded that Hedgeman filed a claim in 2015 alleging United Airlines discharged him and disseminated public information about him that has prevented him from being hired. The Department said that Hedgeman was discharged by United Airlines on November 4, 1998, and that he alleged that the information was disseminated from November 4, 1998 until March 7, 2001. The Department concluded that it lacked jurisdiction over Hedgeman's claims because more than 180 days had passed between the date of the alleged harm and the date he filed the charge. See 775 ILCS 5/7A-102(A)(1) (West 2014).

¶ 10    On February 20, 2019, the Commission issued a final order sustaining the Department's dismissal of Hedgeman's charges due to a lack of jurisdiction. The Commission concluded that the Department properly found a lack of jurisdiction based on the expiration of the 180-day filing

requirement, a condition that must first be met to seek a remedy and vest the Commission with subject matter jurisdiction. To comply with the 180-deadline, Hedgeman had to allege discriminatory discharge by May 3, 1999. By 2015, the Commission said his charge was untimely filed and properly dismissed for lack of jurisdiction.

¶ 11    With regard to Hedgeman's claim that United Airlines disseminated public information that kept him from being hired from November 4, 1998 until March 7, 2001, the Commission noted, that because the "last incidence of harm" allegedly occurred on March 7, 2001, Hedgeman needed to file his charge by September 3, 2001. As Hedgeman waited until 2015, this charge was also filed untimely and properly dismissed for lack of jurisdiction.

¶ 12                                Analysis

¶ 13    On appeal, Hedgeman asks this court to "overturn the verdicts" where United Airlines and IAMAW #1487 engaged in defamation, conspiracy, and violation of his civil rights.

¶ 14                Failure to Comply with Supreme Court Rule 341

¶ 15    Our review of Hedgeman's appeal is hindered by his failure to fully comply with Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Hedgeman is a self-represented litigant; his status does not lessen his burden on appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 ("[P]arties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys.") Supreme Court Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the

authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7). This court is entitled to "cohesive arguments" and citation to pertinent authority. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 16    Although Hedgeman used a form approved by the Illinois Supreme Court when filing his brief, he has failed to articulate a legal argument which would allow a meaningful review of his claims and provides no citations to the record. An appellant must cite to the record on appeal "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7).

¶ 17    Hedgeman's brief is a narrative and discusses matters outside of the record. He cites no legal authority. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. And, although Hedgeman attached numerous documents to his brief, these documents are not in the record on appeal. It is well settled that the record on appeal cannot be supplemented by attaching documents to the appendix of a brief. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). We cannot consider improperly appended documents. *Id.*

¶ 18    Because Hedgeman's brief fails to comply with Supreme Court Rule 341(h)(7), we could find his arguments forfeited; however, we will not do so. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). The issues are simple. Hedgeman has tried to present his appeal by use of the approved form brief. And we have the benefit of the appellee's

brief. We decline to dismiss this appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 19                                     Timeliness Issue

¶ 20    Section 7A-102 sets forth the procedures for filing a charge of discrimination. Section 7A-102(A)(1) requires an aggrieved party to file a charge of discrimination under oath or affirmation within 180 days after the date that the alleged civil rights violation has been committed. 775 ILCS 5/7A-102(A)(1). The claim must contain enough detail to substantially apprise the concerned parties of the time, place, and facts surrounding the alleged violation. 775 ILCS 5/7A-102(A)(2). Only after meeting these requirements does the Department vest with the responsibility to serve a copy of the charge on the respondent. 775 ILCS 5/7A-102(B).

¶ 21    A petitioner's compliance with the 180-day filing requirement of section 7A-102(A)(1) is a condition that must be met to seek a remedy and is required to vest the Commission with subject matter jurisdiction of the charges. *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003). Whether the Commission had jurisdiction presents a question of law subject to *de novo* review. *Board of Education of the City of Chicago v. Cady*, 369 Ill. App. 3d 486, 493 (2006). (While the Third District has applied the "clear error" standard, *Jones v. Lockard*, 2011 IL App (3d) 100535, ¶¶ 16-17, under either standard, the result is the same.)

¶ 22    Hedgeman alleged that he was wrongfully discharged by United Airlines on November 4, 1998, and that between November 4, 1998 and March 7, 2001, United Airlines disseminated public information against him. Nevertheless, Hedgeman did not file charges with the Department until 2015. It is undisputed that Hedgeman did not file within 180 days of the alleged harm. See 775 ILCS 5/7A-102(A)(1). Hedgeman filed his charges untimely, well-after the expiration of the 180-

day period set by section 7A-102(A)(1), and the Commission properly found that it lacked jurisdiction to consider them. See *Weatherly*, 338 Ill. App. 3d at 437 ("the Act does not confer upon the Commission the authority to consider complaints based on untimely filed charges").

¶ 23    Affirmed.