2020 IL App (1st) 190629-U
No. 1-19-0629
Order filed January 21, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARK HEDGEMAN, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| IAMAW #1487, THE HUMAN RIGHTS | ) | Charge No. 2015 CR 3003 |
| COMMISSION, and THE DEPARTMENT OF | ) | |
| HUMAN RIGHTS, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The decision of the Human Rights Commission sustaining the Department of Human Rights' dismissal of petitioner's charge of discrimination based on a lack of jurisdiction is affirmed.

¶ 2    Mark Hedgeman, a self-represented litigant, appeals from a final order entered by the Human Rights Commission sustaining the Department of Human Rights' dismissal of his charge of discrimination based on a lack of jurisdiction. The Commission concluded that the Department

properly dismissed Hedgeman's discrimination charge for lack of jurisdiction when Hedgeman did not file his claims of unlawful retaliation by respondent IAMAW #1487 within the 180-day statutory filing period. On appeal, Hedgeman asks this court to "overturn the verdicts" where IAMAW and United Airlines (not a party to this appeal) engaged in defamation, conspiracy, and violation of Hedgeman's civil rights.

¶ 3    We affirm. Hedgeman filed the charges long after the expiration of the 180 days required by the statute. As a matter of law, the Commission lacked jurisdiction to consider the charges.

¶ 4                                    Background

¶ 5    In March 2015, Hedgeman filed a charge of discrimination with the Department, alleging that he belonged to the IAMAW union from 1988 until 1998, and that after he was wrongfully terminated by United Airlines, he filed a charge with the Equal Employment Opportunity Commission and a lawsuit. Hedgeman alleged that IAMAW retaliated against him "through the public information that has been disseminated," and that several employers did not hire him "as a direct result" of the lawsuit.

¶ 6    A Department investigator looked into Hedgeman's claim, and issued a report on October 8, 2015. The report noted that Hedgeman filed the charge in March 2015, alleging that from November 4, 1998 to March 7, 2001, IAMAW retaliated against him by failing to represent him and allowing his former employer, United Airlines, to disseminate public information that has kept him from being hired by several employers. Hedgeman was discharged on November 4, 1998, and, at the time, was a member in good standing of IAMAW. After his termination, Hedgeman sued United Airlines for unlawful termination. On March 7, 2001, summary judgment was entered in favor of United Airlines.

¶ 7     The report concluded that Hedgeman filed his charge 6173 days after November 4, 1998, his discharge date, and 5319 days after the court granted United Airlines' motion for summary judgment. Section 7A-102(A)(1) of the Illinois Human Rights Act ((775 ILCS 5/7A-102(A)(1) (West 2014)) provides that a charge must be filed within 180 days after the date an alleged violation occurs. A finding of lack of jurisdiction was recommended due to Hedgeman's charge being filed well after the date for filing had expired.

¶ 8     Hedgeman then filed a timely *pro se* request for review by the Commission alleging that IAMAW retaliated against him from November 4, 1998, until the present because he was "not allowed" to work for any airline due to the accusations against him. The request also detailed that Hedgeman was involved in a 2008 class action suit against another employer based on recordings he made of his coworkers making racial and sexual slurs, and that he resigned from a third employer because it was "racist on both sides."

¶ 9     The Department filed a response stating that Hedgeman filed a claim in 2015 alleging that from November 4, 1998 until March 7, 2001, IAMAW failed to represent him and permitted United Airlines to disseminate information about him that prevented him from being hired by employers as retaliation for engaging in protected activity. The Department stated that it lacked jurisdiction over the allegation because more than 180 days had passed between the date of the alleged harm and when Hedgeman filed the charge. See 775 ILCS 5/7A-102(A)(1).

¶ 10     On February 27, 2019, the Commission issued a final order sustaining the Department's dismissal due to a lack of jurisdiction. The Commission concluded that the Department properly found a lack of jurisdiction, the 180-day filing requirement being a condition triggering his right to seek a remedy. To comply with the 180-day deadline, Hedgeman needed to file his charge by

September 3, 2001. Hedgeman waited until 2015, so his charge was filed untimely and dismissed for lack of jurisdiction.

¶ 11                                    Analysis

¶ 12    On appeal, Hedgeman asks this court to "overturn the verdicts" where IAMAW and United Airlines engaged in defamation, conspiracy, and violation of his civil rights.

¶ 13                    Failure to Comply with Supreme Court Rule 341

¶ 14    Our review of Hedgeman's appeal is hindered by his failure to comply with Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Hedgeman is self-represented litigant; however, this status does not lessen his burden on appeal. "[P]arties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6). Under this rule, issues must be cohesively argued and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 15    Hedgeman used a form approved by the Illinois Supreme Court when filing his brief. But, he still must articulate a legal argument which allows a meaningful review of his claims and provide citations to the record "so that we are able to assess whether the facts which [appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). He did neither.

¶ 16    Hedgeman's brief is a narrative, discussing matters outside the record. He cites no legal authority to support his arguments. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 17    Additionally, the numerous documents Hedgeman attaches are not in the record on appeal. The record cannot be supplemented by attaching documents to the brief's appendix, and the Supreme Court Rules do not permit us to consider these non-record documents. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001). To the extent that Hedgeman's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 18    Nevertheless, because the issues are simple; Hedgeman tried to present his appeal by use of the approved form brief; and we have the benefit of a cogent appellee's brief, we decline to dismiss this appeal and address the issue of timeliness. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 19                                Timeliness Issue

¶ 20    Section 7A-102 sets out the procedures for filing a charge of discrimination. Section 7A-102(A)(1) provides that an aggrieved party must file a charge of discrimination under oath or affirmation within 180 days after the date that the alleged civil rights violation has been committed. 775 ILCS 5/7A-102(A)(1). The claim must contain enough detail to substantially apprise the concerned parties of the time, place, and facts surrounding the alleged violation. 775 ILCS 5/7A-

102(A)(2). Once these requirements are met, the Department has 10 days from the date on which the charge was filed to serve a copy of the charge on the respondent. 775 ILCS 5/7A-102(B).

¶ 21    A petitioner's compliance with the 180-day filing requirement of section 7A-102(A)(1) is a condition that precedes the right to seek a remedy and vests the Commission with subject matter jurisdiction of the charge. *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003). Whether the Commission has jurisdiction presents a question of law subject to *de novo* review (*Board of Education of the City of Chicago v. Cady*, 369 Ill. App. 3d 486, 493 (2006)) or subject to the "clear error" standard, according to *Jones v. Lockard*, 2011 IL App (3d) 100535, ¶¶ 16-17 (under either standard of review, result is the same).

¶ 22    Hedgeman filed a charge of discrimination in 2015. Hedgeman did not file the charge within 180 days of the alleged harm. See 775 ILCS 5/7A-102(A)(1) (West 2014). Because Hedgeman filed his charge after the 180-day period in section 7A-102(A)(1) had expired, it was untimely, and the Commission properly found that it lacked jurisdiction. See *Weatherly*, 338 Ill. App. 3d at 437 ("the Act does not confer upon the Commission the authority to consider complaints based on untimely filed charges").

¶ 23    Affirmed.