2023 IL App (1st) 221145-U

No. 1-22-1145

Order filed April 18, 2023

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MANOLO DIMAYUGA, | ) | Petition for Direct |
| | ) | Administrative Review of an |
| Petitioner-Appellee, | ) | Order of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | Charge No. 2022 CR 162 |
| ILLINOIS HUMAN RIGHTS COMMISSION, ILLINOIS | ) | |
| DEPARTMENT OF HUMAN RIGHTS, and POWER | ) | |
| SOLUTIONS INTERNATIONAL, INC., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The decision of the Illinois Human Rights Commission sustaining the Illinois Department of Human Rights' dismissal of petitioner's charge of discrimination for lack of jurisdiction is affirmed.

¶ 2    Petitioner Manolo Dimayuga appeals *pro se* from a final decision of the Illinois Human

Rights Commission (Commission) sustaining the Illinois Department of Human Rights'

(Department) dismissal of his charge of discrimination and retaliation for lack of jurisdiction. For the reasons that follow, we affirm.

¶ 3    On July 23, 2021, petitioner filed a charge of discrimination with the Department, alleging violations of the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2020)). Petitioner alleged that his employer, Power Solutions International, Inc. (PSI), had (1) failed to accommodate his disability in July 2019; (2) harassed him, from July 2019 through January 17, 2020, on the basis of his race, age, and disability, as well as in retaliation for engaging in a protected activity; (3) denied him, in mid-2019, a raise on the basis of his race, his age, and his disability, as well as in retaliation; and (4) discharged him, on January 17, 2020, on the basis of his race, his age, and his disability, as well as in retaliation. See 775 ILCS 2-5/102(A), 5/6-101(A) (West 2020).[1]

¶ 4    The Department investigated the charge. The investigator's report, dated December 10, 2021, noted that section 7A-102(A)(1) of the Act (775 ILCS 5/7A-102(A)(1) (West 2020)) requires that a charge must be filed within 300 days after the date of an alleged civil rights violation.[2] Because petitioner did not file his charge until July 23, 2021, 553 days after his January 17, 2020, termination date, the last day on which an alleged violation could have occurred, the investigator concluded the charge was untimely and recommended that the Department find that

---

[1] The charge identifies "PSI Engines" as petitioner's employer. The Department's investigator's subsequent report notes that respondent's correct legal name is Power Solutions International, Inc., which petitioner identified as a respondent in the petition filed in this court.

The charge does not identify the bases for petitioner's claims. The Commission identifies them as: disability (back disorder), race (Asian), age (50-51 years old), and protected activity (filing a previous discrimination charge with the Department).

[2] We note that several sections of the Act were amended after petitioner filed his charge. Illinois Public Act 101-221 (eff. Jan. 1, 2020); Illinois Public Act 102-558 (eff. Aug. 20, 2021); Illinois Public Act 102-706 (eff. Apr. 22, 2022). As none of the amendments are material to our analysis, we cite the version of the Act in effect in July 2021, when petitioner filed his charge.

it lacked jurisdiction. Additionally, the investigator noted that, because the charge was not filed within 300 days, the United States Equal Employment Opportunity Commission (EEOC) lacked jurisdiction to investigate the case.[3]

¶ 5    Based on the investigator's report, on December 20, 2021, the Department, issued a notice of dismissal for lack of jurisdiction pursuant to section 7A-102(D) of the Act (775 ILCS 5/7A-102(D)(3) (West 2020)).

¶ 6    Petitioner timely filed with the Commission a request for review of the Department's dismissal and subsequently submitted additional documents in support of his claim.

¶ 7    On June 28, 2022, the Commission entered an order sustaining the Department's dismissal and mailed it to petitioner on the same day. Noting that petitioner alleged that the violations occurred between February 19, 2019, and the date of his discharge, January 17, 2020, the Commission found that the July 23, 2021, charge had been filed more than 300 days after the date of the latest alleged violation. The petition was therefore untimely, and neither the Department nor the Commission had jurisdiction over the charge. The Commission also noted that, in his request for review, petitioner did not address the untimeliness of his charge.

¶ 8    Petitioner timely filed his petition for review in this court on August 2, 2022.

¶ 9    On appeal, petitioner raises two issues for review: (1) the cessation of his worker's compensation after he "filed for discrimination with EEOC 7/23/2021," and (2) retaliatory discharge. Petitioner argues that he was repeatedly harassed during his term of employment and that he was improperly terminated while still receiving worker's compensation. Petitioner also

---

[3] The record on appeal indicates that petitioner filed his charge with both the Department and the United States Equal Employment Opportunity Commission, which also received it on July 23, 2021.

states that he filed his charge on "7/21/2021" and thus filed the charge within "2 years statute of limitations" for retaliatory discharge.

¶ 10    The Act provides that it is a civil rights violation for an employer to commit acts against the employee, including *inter alia*, harassment and unlawful discrimination. 775 ILCS 5/2-102(A) (West 2020). Unlawful discrimination includes "discrimination against a person because of his or her actual or perceived: race, *** age, *** [or] disability." 775 ILCS 5/1-103(Q) (West 2020). The Act also prohibits any person from retaliating against another person for opposing what he or she believes to be unlawful discrimination because he or she made a charge under the Act. 775 ILCS 5/6-101(A) (West 2020).

¶ 11    The Act permits a complainant to file a written charge under oath with the Department within 300 calendar days after the date that a civil rights violation allegedly has been committed. 775 ILCS 5/7A-102(A)(1) (West 2020). The Act generally requires the Department to investigate the charge to determine whether the allegations are supported by substantial evidence. 775 ILCS 5/7A-102(C) (West 2020). If the Department dismisses a charge, the petitioner may request review of that dismissal by the Commission. 775 ILCS 5/8-103(A) (West 2020). However, the Commission is not authorized to consider a charge that was untimely filed. *Weatherly v. Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003). Where a charge has been untimely filed, the Commission lacks subject matter jurisdiction to consider it. *Id.*; see *Goral v. Dart*, 2020 IL 125085, ¶ 41 (although the term "jurisdiction" is not strictly applicable to an administrative body, it may be used to designate the authority of that body to act).

¶ 12    A final ruling by the Commission is subject to direct administrative review by this court. 775 ILCS 5/8-111(B)(1) (West 2020). This court's review is limited to the Commission's order;

therefore, we will not review the decision of the Department. *Truger v. Department of Human Rights*, 293 Ill. App. 3d 851, 858 (1997). Whether an administrative body, such as the Commission, acted with jurisdiction is a question of law that is generally reviewed *de novo*. *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 394-95 (2010).

¶ 13    As noted, petitioner asserts in his appellate brief that he filed his charge on July 21, 2021. However, the Department's dismissal order, as well as the Commission's response submitted to this court, states that petitioner's charge was filed on July 23, 2021. The record shows the Department received the charge on the later date. In any event, neither date is within 300 days after January 17, 2020, the date petitioner was terminated, *i.e.*, the last date on which a violation of the Act allegedly occurred. See 775 ILCS 5/7A-102(A)(1) (West 2020) (permitting the filing of a charge within 300 days after the date an alleged civil rights violation has been committed). Therefore, even if petitioner filed his charge on July 21, 2021, as he asserts, it would nevertheless be untimely.

¶ 14    Because petitioner failed to file his charge within the statutory period, it was untimely, and the Commission lacked jurisdiction to consider it. See *Weatherly*, 338 Ill. App. 3d at 437 ("[C]ompliance with the statutory time limit *** is a prerequisite for the Commission's acquisition of subject matter jurisdiction.") (citations omitted); *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 728-29 (1990) ("Because the retaliation Charge was not filed within the time limit set forth in section 7-102(A)(1), the Commission had no power, and thus no jurisdiction, to consider it."). We thus find that the Commission's decision sustaining the Department's dismissal order for lack of jurisdiction was proper.

¶ 15    For the foregoing reasons, we affirm the Commission's decision sustaining the Department's dismissal.

¶ 16    Affirmed.